George T. ROGERS

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION et al., Appellants.

No. 76–1052.

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 21, 1977.
Decided Feb. 15, 1977.

Beatrice Rosenberg, Atty., E.E.O.C., Washington, D. C., with whom Charles L. Reischel, Atty., E.E.O.C., Washington, D. C., was on the brief for appellants.

Victor B. Gersh, Washington, D. C., for appellee.

Before TOM CLARK,* Retired Associate Justice of the Supreme Court, and MacKINNON and ROBB, Circuit Judges.

PER CURIAM:

George T. Rogers, appellee, a black male, filed this action against the Equal Employment Opportunity Commission (EEOC) pursuant to Section 717(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16,[1] alleging the EEOC discriminated racially in denying him appointment as District

---

* Sitting by designation pursuant to 28 U.S.C. § 294(a).

1. Rogers had filed an administrative complaint with EEOC, alleging that he had been denied the District Directorship because of his race. The Commission failed to act on the complaint and this suit followed.

Director of the EEOC, Philadelphia District. He sought declaratory and injunctive relief as well as back pay. Rogers had been employed at EEOC since 1968 and was, at the time of the filing of this suit, the Acting District Director of its office in Philadelphia.

At trial the District Court found that the EEOC selection officer, Ms. Williams, also a black, "conscientiously interviewed all six candidates . . . She was thoroughly informed as to the managerial, personality and other requirements of the job . . . She sincerely believed, with ample factual basis, that Hadfield (another applicant) was better qualified than Rogers and her primary compelling reason for the choice was based on this appraisal which in no way was pretextual. Her superiors who approved the recommendation did so on the merits without even knowing or caring whether Hadfield was black or white."

It further appears that when Rogers filed his complaint administratively, Ms. Williams was questioned about the circumstances of her selection; she stated that Rogers was not the best qualified applicant but indicated, in addition, that she had also been concerned about the Region EEO–1 profile (3 black Deputy Directors) and felt that a white person would reflect a better racial balance as Director. The court found that while this racial consideration was "never more than a makeweight in her selection, it was a subjective factor taken into account and the selection was therefore not racially neutral." Ms. Williams completely denied the racial consideration, but "there was no contemporaneous written statement from her indicating her reasons for selection", and the Court rejected her testimony in this regard. The court found it "thus impossible to measure the significance of her subjective attitude in relation to Rogers' rejection. Race was a factor in the choice."

██ Despite this finding, the trial court, in passing on Rogers' request that Hadfield be displaced and that Rogers be placed in the job with back pay, attorneys fees and costs, further found: "On all the proof before the court he (Hadfield) is better qualified than Rogers and the nature of the discrimination shown here does not warrant such drastic relief." The court ranked Rogers third in the list of six applicants. In view of these findings of the Court, we cannot say that there is any support for the Court's order awarding damages until the next District Directorship in the Philadelphia region is filled or Rogers is appointed to and accepts another position with equal or better pay. The purpose of monetary relief is "to make persons whole for injuries suffered on account of unlawful employment discrimination." Albemarle Paper Co. v. Moody, 422 U.S. 405, 418, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975). Since Ms. Williams had rated Hadfield superior to Rogers and the Court had found him to be "better qualified than Rogers", there is no factual support for Rogers to be appointed Director despite the "subjective attitude" found to be present in Ms. Williams' selection.

In Day v. Mathews, 174 U.S.App.D.C. 231, 530 F.2d 1083 (1976), this Circuit held that monetary relief should be denied a Title VII plaintiff if his qualifications were such that he would not, even absent the discrimination, have been selected for the position in question. Moreover, the Second Circuit appears to have used this approach in Gillin v. Federal Paper Board Company, 479 F.2d 97, 102–103 (3 Cir. 1973), when it was found that the complainant was demonstrably unqualified for the job involved. And, on remand, the United States District Court held:

It is quite clear that Congress did not intend to make employers liable for dismissals or refusals to promote that are only partially based on discriminatory considerations. See 42 U.S.C. § 2000e–5(a) . . . Gillin v. Federal Paper Board Company, 12 EPD ¶ 11.025 (1975).

There the lack of qualifications prevented Gillin's promotion; here Hadfield was found not only by Ms. Williams but by the Court to be the "better qualified"; hence Rogers would not have received the appointment, absent any discrimination.

The judgment is therefore reversed.