Margaret B. **PACK**, Appellant,

v.

**ENERGY RESEARCH & DEVELOPMENT ADMINISTRATION** et al., Appellees.

No. 77–1329.

United States Court of Appeals, Ninth Circuit.

Dec. 30, 1977.

Gary Howard Simpson, Bethesda, Md., for appellant.

V. De Von Heaton, U. S. Atty., Las Vegas, Nev., for appellees.

Before ELY, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

Margaret B. Pack, the appellant, instituted her suit in the District Court, seeking monetary damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c) (Supp. V 1975), 28 U.S.C. §§ 1343(3), (4) (1970), and Executive Orders 11246, 11375, and 11478. Her complaint alleged that the Atomic Energy Commission (AEC);[1] and its employees discriminated against her on the basis of her sex by denying her employment promotions, training, and full-time employment between 1965 and 1973. She sought back pay, costs, attorney's fees, and punitive damages.

The District Court, relying upon the administrative record compiled at an AEC hearing that adjudicated Pack's claim and additional evidence submitted by the parties, entered judgment for the appellees. We affirm.

I.

In 1965 the Nevada Operation Office (NVOO) of the AEC employed appellant as a geological engineer on a part-time basis at the salary level of GS–11, Step 2. She was terminated by a reduction-in-force action in March, 1973, without having received a promotion to a higher GS grade or an offer of full-time employment.

After receiving notification of termination, Pack arranged a meeting with an Equal Employment Opportunity (EEO) counselor for the AEC. The counselor investigated Pack's allegations and then advised her and her attorney that she, the counselor, had found no indication of discrimination. Thereafter, appellant filed a formal complaint with the NVOO. The AEC Division of Inspection conducted a formal investigation of appellant's complaint, the investigation extending over a period of almost two months. An EEO officer gave appellant a copy of the report, informing her that it did not support her complaint and that, accordingly, her complaint would be denied.

On October 19, 1976, the District Court rejected appellant's Title VII action on its merits. In an extensive opinion the court entered the following findings of fact and conclusions of law:

1. Referring to the administrative prehearing meetings, "neither the plaintiff nor her attorney was able to produce dates, specific acts, the names of any discriminatory officials that would support her contention of discrimination."

2. Referring to the administrative hearing, "there was no evidence produced to support the fact that any one employee at NVOO promised her that her part-time employment would become full-time employment in the future."

3. Referring to the highly contested question whether appellant was considered for a position for which a Mr. Skrove was selected in July 1969, "[n]o witness was able to say positively whether the plaintiff's name was or was not on the form when they reviewed the list of eligibles, and there was no record of when the rating of the position was changed from GS–12 to GS–13 [which would have made appellant, a GS–11, ineligible for the advancement]. . . .

1. Subsequently, the AEC became a constituent of the newly organized Energy Research and Development Administration, one of the appellees.

The weight of the evidence supports the position that plaintiff, indeed was considered for this job."

4. Referring to appellant's introduction of statistical evidence at trial to prove sex discrimination, "[n]o prima facie case based upon statistics has been established that would shift the burden of proof to the defendants."

## II.

■ We must review the District Court's fact findings under the clearly erroneous standard of Fed.R.Civ.P. 52(a). If there is evidence supporting a finding, the finding is ordinarily not clearly erroneous unless "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). Although appellant presented witnesses who testified that, in their opinion, appellant should have been considered for a number of promotions for which she was allegedly not considered, the record demonstrates her qualifications and potential eligibility only for one such position, a position that Skrove eventually filled. The other positions evidently required professional qualifications that appellant had not attained or were at the GS–13 grade, for which personnel employed at the GS–11 level were generally not considered.

■ There was a factual dispute as to whether appellant was considered for the Skrove position. Although records of the AEC indicated that appellant's name was on the list of candidates considered for the position, appellant alleged that her name was added *after* the date of Mr. Skrove's selection. Two employees of the EEO office that had investigated appellant's complaint testified that they also did not believe appellant had been considered for the position. However, they had only reviewed the administrative record and had not conducted an independent examination. The official EEO decision, based on the record, was that appellant had not established sex discrimination. Moreover, a personnel rep-

resentative of the NVOO stated in an affidavit filed in connection with the administrative hearing that appellant had been considered for the Skrove position. Additionally, Skrove was judged more highly qualified than appellant for the position, a determination that appellant does not contest. Looking at the entire record, we cannot say that the District Court's critical finding is clearly erroneous.

## III.

■ We agree with the District Court that appellant's statistical evidence failed to establish a *prima facie* case of discrimination. Appellant proved that, on a given date at the NVOO facility, approximately 98% of the employees at grades GS–11 and above were males, whereas 95% of the lower-grade professionals were females. No evidence whatsoever was introduced to demonstrate that the lower-grade professional women were qualified to occupy the higher positions or that there elsewhere existed a pool of qualified women applicants. *See Kaplan v. International Alliance of Theatrical & Stage Employees & Motion Picture Machine Operators,* 525 F.2d 1354, 1358 (9th Cir. 1975) (statistics supported finding of sex discrimination when evidence indicated presence of qualified female photographers in Los Angeles area); *cf. Mayor of Philadelphia v. Educational Equality League,* 415 U.S. 605, 620, 94 S.Ct. 1323, 1333, 39 L.Ed.2d 630 (1974) (a court cannot assume that "all citizens are fungible for purposes of determining whether members of a particular class have been unlawfully excluded").

AFFIRMED.