**Eugene F. MAROTTA,**
**Plaintiff–Appellant,**

v.

**William J. USERY, Secretary of Labor,**
**U. S. Department of Labor,**
**Defendant–Appellee.**

No. 78–1341.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 1980.

Decided Oct. 6, 1980.

Robert N. Beechinor, San Francisco, Cal., for plaintiff–appellant.

Amanda Metcalf, Asst. U. S. Atty., San Francisco, Cal., for defendant–appellee.

Before MERRILL and SKOPIL, Circuit Judges, and WYATT,[*] District Judge.

WYATT, District Judge:

■ The plaintiff appeals from a judgment for defendant, the Secretary of Labor, entered on a decision of Judge Orrick in the United States District Court for the Northern District of California, after trial without a jury. Appellant Marotta, a white employee of the federal government, working in the Department of Labor, sued under 42 U.S.C. § 2000e–5(f)(1) a part of Title VII of the Civil Rights Act of 1964, which was extended to employees of the federal government by 42 U.S.C. § 2000e–16(c), a part of the Equal Opportunity Act of 1972. He complained of so–called "reverse discrimination" on account of race in that a black was promoted to a position for which Marotta was an applicant. Neither side asked for a jury trial and could not do so because jury trials are not a matter of right in this type of action. *Slack v. Havens*, 522 F.2d 1091, 1094 (9th Cir. 1975), approved by implication in *Great American Federal S. & L. Association v. Novotny*, 442 U.S. 366, 375, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979). We affirm the judgment below.

1.

In 1972 the Department of Labor created the new position of Regional Director. There were to be ten Regional Directors, one in each of the Department's ten regions across the country. The Regional Director was to act as the Secretary's representative in the region. Ms. Maxine Daly was appointed Regional Director for Region X, with office in Seattle, and she assumed office in January of 1972. Later in 1972 the Department solicited applications for the position (at GS–14 salary level) of Special Assistant to the Regional Director of Region X. It was the filling of this position which gave rise to the dispute now before us.

Marotta in 1972 was employed (at GS–13 salary level) by the Department of Labor as a Manpower Development Specialist in the Manpower Administration section of Region IX of the Department, situated in San Francisco. He applied for the Special Assistant position above described.

All of the applications for the Special Assistant position which met the minimum qualifications were automatically referred, according to Department policy, to an evaluation panel. The panel's job is to evaluate the applications referred and then to forward to the selecting official those who are most qualified. The selecting official in this instance was Ms. Daly, the Regional Director. A list of sixteen applicants rated "highly qualified" was referred by the panel to Ms. Daly. Ms. Daly interviewed nine of those applicants (Department policy requires interviews of candidates unknown to the selecting officer "to the extent that such a procedure is possible").

Marotta's application was referred to the evaluation panel but was not among the sixteen originally forwarded to Ms. Daly by the panel. Upon learning that his application had not been forwarded, Marotta protested to the panel. The panel then reversed itself and certified Marotta as highly qualified, referring him to Ms. Daly for

* Honorable Inzer B. Wyatt, United States District Judge, Southern District of New York, sitting by designation.

consideration along with the sixteen other applicants who had been referred earlier. Ms. Daly did not interview Marotta, although she did not know him, because, she testified, she had already selected several persons in her mind as suitable for the job.

Ms. Daly selected and hired a Mr. Brown, who is black and was then director of personnel at a college in the state of Washington.

When Marotta learned that he had not been chosen by Ms. Daly, he filed a grievance with the Department. Upon subsequently learning that the applicant chosen was a black, Marotta, on August 23, 1973, saw a Department equal opportunity counselor, pursuant to 5 C.F.R. § 713.214(a)(i) (1973) (as it then stood) to allege that he had been the victim of racial discrimination.

Marotta pursued his claim of discrimination through the complex administrative process established by 5 C.F.R. § 713.201 et seq. (1973).

As a result of its own investigation, the Department of Labor concluded that the chosen applicant, Mr. Brown, had been "preselected." The Department decided to give Marotta priority consideration for a GS–14 position and in February, 1975, he was promoted to a GS–14 salary level position.

The final administrative step taken by Marotta was an appeal to the Appeals Review Board of the Civil Service Commission (see 42 U.S.C. § 2000e–16(c) and Executive Order 11478). The final decision of the Review Board was made on March 4, 1976. The decision was: (1) that "complainant [Marotta] was discriminated against because of his (complainant's) race when the Black candidate was selected"; (2) that "it is not shown that, but for this discrimination, complainant would have been selected for the position at issue"; and (3) that proper "corrective action" would be priority consideration for a GS–14 salary level position but that since this action had already been taken, "no further corrective action"— for example, award of back pay—"is being recommended by the Board."

### 2.

Not satisfied with the administrative decision of his grievance, Marotta exercised his right under 42 U.S.C. § 2000e–16(c) and timely commenced this action in the court below.

The defendant Secretary answered, denying that any racial discrimination had occurred and denying that the effect of his policies had caused Marotta any damage. On April 29, 1977, the District Court denied from the bench cross motions for summary judgment. A trial without a jury was held on June 21, 1977. Toward the end of the trial, the Secretary conceded that "it has been established" that "plaintiff was in part not picked because of reverse discrimination" but contended that Marotta "would not have been selected even without racial discrimination . . .".

The morning after the trial concluded, the District Judge, in open court, announced his decision and made his findings of fact and conclusions of law.

The single issue was whether, discrimination having been conceded, the defendant met the burden of proving, by clear and convincing evidence, that Marotta would not have been hired even in the absence of racial discrimination. The District Court imposed this burden on defendant in reliance on *Day v. Mathews*, 530 F.2d 1083 (D.C.Cir. 1976).

The District Court found, among other things, that Marotta, Brown and a number of other applicants were "highly qualified"; that Brown and three other applicants were "superior" to Marotta "in their qualifications for the position"; and that four applicants "had experience . . . more appropriate to the duties of the position to be filled" than Marotta.

The District Court concluded that defendant "provided clear and convincing proof that the plaintiff would not have been selected even in the absence of discrimination."

Judgment was accordingly entered for defendant.

This appeal followed.

**3.**

Appellant contends that the evidence does not support the finding of fact that other applicants were better qualified than he.

We must review this finding of fact under the "clearly erroneous" standard. *Pack v. Energy Research & Development Administration*, 566 F.2d 1111, 1113 (9th Cir. 1977); Fed.R.Civ.P. 52(a). The District Court properly insisted that a denial of back pay required the defendant to establish by "clear and convincing evidence" that even in the absence of discrimination the rejected applicant would not have been selected for the open position. We agree in this respect with *Day v. Mathews*, above cited, the decision on which the District Court relied. *Day v. Mathews* itself followed decisions in the Fifth Circuit, including *Baxter v. Savannah Sugar Refining Corp.*, 495 F.2d 437, 444–445, *cert. denied*, 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974). We note that shortly after *Day v. Mathews* was decided, the Supreme Court used language which seemed to support the result in *Day v. Mathews*. *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 772–3, 96 S.Ct. 1251, 1268, 47 L.Ed.2d 444 (1976). In so doing, the Supreme Court (424 U.S. at 773, 96 S.Ct. at 1268) cited *Baxter v. Savannah Sugar Refining Corp.*, seemingly with approval.

█ Because of the burden properly placed on defendant, we have made a closer than usual scrutiny of the evidence in respect of the challenged finding. Such a close scrutiny shows plainly that there was substantial convincing evidence in support of the finding.

Two expert witnesses, Lynt and Faust, gave evidence that three of the four candidates found superior in qualification by the District Court did in fact possess such superior qualifications. A third witness (Daly) gave evidence that the fourth candidate (Brown) was also better qualified than Marotta. These witnesses all stated that one or more of these other four applicants had greater initiative, leadership ability, and experience than Marotta. As leadership and initiative were among the six most important factors initially cited as required for the Special Assistant position, the testimony of these witnesses regarding the superiority of the other candidates as to these factors was of considerable significance. Marotta argued (but presented no evidence) that the differences between the candidates were insignificant. The District Court accepted as clear and convincing the testimony for defendant that there were differences which would support the selection of other candidates over Marotta. This finding was not clearly erroneous.

**4.**

Proof that other applicants had qualifications superior to those of Marotta was accepted by the District Court as proof that, if there had been no discrimination, Marotta would still not have been chosen for the vacancy and thus was not entitled to back pay. This necessarily assumes that in the absence of discrimination the best qualified applicant would have been chosen. Were there no evidence in the record as to this, such an assumption would seem to be justified, if not required. For example, the assumption was made in *Rogers v. Equal Employment Opportunity Commission*, 551 F.2d 456 (D.C.Cir. 1977), as appears from the following passage (551 F.2d at 457):

> ". . .; here Hadfield was found not only by Ms. Williams but by the Court to be the 'better qualified'; hence Rogers would not have received the appointment, absent any discrimination."

But the record before us does contain evidence that in filling vacant positions the policy of the Department of Labor was to hire the person best qualified for the position. The Assistant Director, Personnel Management, for Policy Standards, Department of Labor described in her testimony the policies and procedures of the Department for filling vacancies. As to the final step, she testified (Reporter's Transcript, p. 39):

> "The selecting official is entitled to make his or her selection from anyone on the certificate based on the judgment of the

selecting official as to which of the candidates is best qualified for the vacancy to be filled."

The District Court applied proper and relevant standards in finding that Marotta would not have been hired, even absent discrimination. The hiring policy of the Department of Labor requires that when a vacant position is to be filled the supervisor of the vacancy completes the vacancy announcement form by including a list of the knowledge and skills required for successful performance of the job. The Department's personnel office reviews the list for consistency with Department policy and standards before the announcement is published. These Department policies were followed in the matter at bar. The vacancy announcement for the post of Special Assistant to the Director of Region X listed eleven factors upon which candidates would be evaluated. Of these eleven factors, six were noted in the announcement as most important. The eleven factors, identified as they were prior to the beginning of the selection process in this case and reviewed by impartial agency personnel officers, provide relevant standards comparable to those noted by the Supreme Court in *Franks v. Bowman Transportation Co.*, 42 U.S. 747, 773 fn. 2, 96 S.Ct. 1251, 1268 fn. 2, 47 L.Ed.2d 444 (1976).

Moreover, the District Court used these standards in finding Marotta to be less qualified for the Special Assistant position than four other applicants. The District Court first compared the ratings as to the eleven listed factors given the four other applicants and Marotta by the Department's evaluation panel in deciding which candidates to refer for possible selection.

The Court then made its own analysis, based upon the evidence at trial, of the qualifications of the other applicants and Marotta as to several of the eleven listed factors where their skills differed. In short, the Court below not merely found that several of the other applicants were better qualified than Marotta, but made that finding by applying standards which would actually have been used in a nondis-criminatory selection process in the Department of Labor.

Appellant contends that "proving one or more applicants to be better qualified . . . . cannot be equated with proving that appellant would not have been promoted even without the admitted discrimination." Nothing further is said on the subject and nothing is cited to support the contention which, at least on the record before us, cannot be sustained.

The District Court correctly found that defendant had met the burden of proof on the issue.

AFFIRMED.