LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), MONTEREY CHAPTER 2055, and Gilbert Padilla, in behalf of himself and all others similarly situated, Plaintiffs-Appellees,

v.

CITY OF SALINAS FIRE DEPARTMENT; Robert Christofferson, Individually and in his capacity as City Manager of Salinas; John J. Williams, Individually and in his capacity as Personnel Director of Salinas; Paul Mehringer, Individually and in his capacity as Chief of the Fire Department, Salinas; A. L. Barton, Individually and in his capacity as Battalion Chief, Salinas Fire Department; John Reynolds, Individually and in his capacity as Assistant Fire Chief, City of Monterey, Defendants-Appellants.

No. 80–4033.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 1981.

Decided Aug. 24, 1981.

Rehearing Denied Dec. 21, 1981.

---

Richard S. Whitmore, Whitmore & Kay, Palo Alto, Cal., for defendants-appellants.

Ann Hill, Maldef, San Francisco, Cal., for plaintiffs-appellees.

Before SKOPIL, FLETCHER and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

The City of Salinas Fire Department appeals the district court's ruling that the Department refused to promote plaintiff Gilbert Padilla to lieutenant on account of Padilla's race and national origin. The Department particularly objects to the district court's award of retroactive promotion and back pay. We affirm.

■ The record supports the finding that the Department intentionally discriminated against Padilla. The substantial question involves the remedy.

■ The Department contends that the district court committed reversible error when it awarded retroactive promotion without first finding that the Department's discriminatory acts actually caused Padilla's failure to be promoted. The district court made no finding on this point. In *Day v. Mathews*, 530 F.2d 1083 (D.C.Cir.1976), the D.C. Circuit held that refusal to make such a finding requires remand for an appropriate finding. *Id.* at 1085. However, we have never decided whether a finding is required, and need not do so here. *Cf. Marotta v. Usery*, 629 F.2d 615, 618 (9th Cir. 1980) (endorsing *Day* only with respect to another issue). Because the Department did not make a record that would support a finding in its favor on this point, the absence of a finding does not require a remand.

■ Once intentional discrimination in a particular employment decision is shown, we have held that the disadvantaged applicant should be awarded the position retroactively unless the defendant shows "by 'clear and convincing evidence' that even in the absence of discrimination the rejected applicant would not have been selected for the open position." *Marotta*, 629 F.2d at 618 (citing *Day*). We recognize that imposition of this burden on defendants is called into question by the Supreme Court's recent decision in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *See Glitsch, Inc. v. Jones*, —— U.S. ——, 101 S.Ct. 3044, 69 L.Ed.2d 415 (1981) (mem.),

vacating for further consideration in light of Burdine, 634 F.2d 1353 (5th Cir. 1981) (mem.). Nonetheless, we adhere to our allocation of this burden to defendant-employers. Burdine declared that '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all time with the plaintiff." 101 S.Ct. 1093. Where, as here, the plaintiff has proved intentional discrimination, Burdine no longer applies. The burden of showing that proven discrimination did not cause a plaintiff's rejection is properly placed on the defendant-employer because its unlawful acts have made it difficult to determine what would have transpired if all parties had acted properly. See Day, 530 F.2d at 1086.

■ Here, the Department failed to present "substantial convincing evidence," see Marotta, 629 F.2d at 618, to support a finding that the discrimination did not actually prevent the promotion. In selecting among candidates for promotion, the Department relied on an examination with oral and written components. Padilla challenges both components. Even assuming validity of the written test, the Department has not demonstrated that the discriminatory oral interview, which made up fifty percent of the examination, did not account for Padilla's rejection. The evidence indicates that Padilla would have been promoted if he received a perfect score on the oral interview, but would not have been promoted if he received only the average score. It is not clear how much above average he would have had to score to be promoted. Nonetheless, the remedial mandate of Title VII requires doubt to be resolved in Padilla's favor. Accordingly, the district court did not err in awarding retroactive promotion.

Affirmed.