670 F.2d 864
 28 Fair Empl.Prac.Cas. 1690,
28 Fair Empl.Prac.Cas. 661,
28 Empl. Prac. Dec. P 32,549,
29 Empl. Prac. Dec. P 32,881
Aida O'BRIEN, et al., Plaintiffs-Appellants,
v.
SKY CHEFS, INC., and American Airlines, Inc., Defendants-Appellees.
 Nos. 80-4271, 81-4010.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 10, 1981.
Decided March 3, 1982.
As Amended on Denial of Rehearing
June 4, 1982.
 
 1
 Robert A. Goodin, Jon B. Sigerman, Armour, St. John, Wilcox & Goodin, San Francisco, Cal., on brief, for plaintiffs-appellants.
 
 
 2
 James L. Meeder (argued), Donald D. Connors, Jr., Brobeck, Phleger & Harrison, San Francisco, Cal., on brief, for defendants-appellees.
 
 
 3
 Karen MacRae Smith, Washington, D. C., for amicus curiae, EEOC.
 
 
 4
 Appeal from the United States District Court for the Northern District of California.
 
 
 5
 Before DUNIWAY and BOOCHEVER, Circuit Judges, and QUACKENBUSH,* District Judge.
 
 
 6
 QUACKENBUSH, District Judge.
 
 
 7
 This is a consolidated appeal of a class action suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., brought by three female former employees against Sky Chefs, Inc., an American Airlines subsidiary engaged in catering airline meals. The district court granted summary judgment for Sky Chefs on plaintiffs' individual claims and then decertified the class. We AFFIRM in part and REVERSE AND REMAND in part.
 
 I. BACKGROUND
 
 8
 The named plaintiffs, Aida O'Brien, Barbara Frohlich and Nancy Rennau, are former hourly employees of Sky Chefs' San Francisco office. Frohlich was terminated when her position as a secretary was eliminated in March, 1976; O'Brien was terminated in May of 1976 from her secretarial job because of her purported "belligerence to superiors" and failure to report to work; Rennau resigned, April, 1976, when refused a leave of absence to arrange for care of her children and her ill mother. They sued in 1977 alleging classwide discrimination against women in promotion, transfer, leaves of absence, education and training. The three also raised individual claims of discrimination in these areas. In addition, each asserted she was sexually harassed and discriminatorily terminated. O'Brien and Frohlich also alleged retaliation resulting from their filing complaints with the Equal Employment Opportunity Commission (EEOC). The district court certified classes consisting of women discriminatorily terminated, women denied promotions to higher paid hourly jobs and women denied promotions to salaried positions. Following the granting of Sky Chefs' motion for summary judgment on the individual claims, the classes were decertified on the ground that there were no remaining representatives with valid claims.
 
 II. DISCUSSION
 A. STANDARD OF REVIEW
 
 9
 Summary judgment is proper only when, viewing the evidence and inferences from it in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 B. DISCRIMINATION IN PROMOTION
 
 10
 Plaintiffs' claim of promotion discrimination stems from Sky Chefs' failure to establish promotion criteria. The lack of well-defined promotion criteria has allegedly enabled Sky Chefs to maintain a discriminatory promotion practice. It does not per se, however, create a disparate impact on either sex. Consequently, the "disparate treatment" test must be applied when assessing plaintiffs' claims. Heagney v. University of Washington, 642 F.2d 1157, 1163 (9th Cir. 1981); Teamsters v. United States, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). To establish a prima facie "disparate treatment" case, plaintiffs must introduce evidence to show "it is more likely than not" Sky Chefs failed to promote women because of a discriminatory intent. Lynn v. Regents of the University of California, 656 F.2d 1337, 1341 (9th Cir. 1981), quoting Furnco Construction Corp. v. Waters, 438 U.S. 567, 576, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978). Statistical data is one way to establish a prima facie case, Lynn, 656 F.2d 1342-43, and plaintiffs' burden is not an "onerous" one. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).
 
 
 11
 Plaintiffs, both for the individual and class claims, relied primarily upon statistical evidence of disparity between the representation of women in the lower paying positions and the higher paying positions. Taken with the evidence of the stated policy of promotion from within, the statistical evidence created an inference of discrimination against women in promotions. Relying upon Pack v. Energy Research & Development Administration, 566 F.2d 1111 (9th Cir. 1977) (per curiam), the district court held that plaintiffs' statistical evidence did not establish a prima facie case because plaintiff failed to offer evidence that the women qualified for the promotion.
 
 
 12
 We disagree. Pack is distinguishable for two reasons. First, the positions at issue in Pack were those of highly specialized geologic engineers. Hence, it was manifest in Pack that the prima facie case required evidence of specific, professional qualifications, since those skills are not easily or quickly acquired. However, the jobs at issue here involve supervision of airline meal preparation, and the trial court must yet determine whether the supervisory skills are specialized. We recently held that when a position involves skills that many persons may easily learn, comparisons with the general labor pools are more probative than when the job requires specialized training. Piva v. Xerox Corp., 654 F.2d 591, 594 (9th Cir. 1981). In fact, such statistical disparity "in a proper case" may, by itself, constitute prima facie proof of a pattern of discrimination. Id.
 
 
 13
 Second, plaintiffs produced evidence that Sky Chefs relied entirely on subjective criteria in making promotions. Plaintiffs also assert that qualifications for its upper-level positions have never been articulated by defendant. Given the rule that subjective decision-making strengthens an inference of discrimination from general statistical data, see, Lynn, 656 F.2d at 1342-43 (9th Cir. 1981); Davis v. Califano, 613 F.2d 957 (D.C.Cir.1979); a prima facie showing that members of the class were "qualified", when qualifications are unknown, would be an unrealistic burden to meet. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254, 101 S.Ct. 1089, 1090, 67 L.Ed.2d 207 (1981).
 
 
 14
 The trial court further found that defendant's "cohort group" study rebutted any inference of discrimination from plaintiffs' statistics. The study showed that the disparity between male and female advancement was less than the standard deviation required by Hazelwood School District, et al. v. United States, 433 U.S. 299, 308-09 n.14, 97 S.Ct. 2736, 2741-2742 n.14, 53 L.Ed.2d 768 (1977), to create an inference of discrimination. However, the "cohort group" study covered advancements in years from 1976-1979, but the named plaintiffs left Sky Chefs in 1976. The asserted individual claims encompassed the period from 1968-1976, and the class claims appear to cover the years 1964-1978. Hence, any inference from the defendant's 1976-1979 study would seem to have little probative value for the class' pre-1976 claims or the individuals' 1968-1976 claims. The weight of such evidence is, of course, a matter for determination by the trier of fact. In addition, this action was filed in 1977, and later changes in promotion policies could not erase liability for earlier discrimination. Teamsters, 431 U.S. at 341-42, 97 S.Ct. at 1857-58. Finally, not only do plaintiffs' experts attack the methodology of defendant's study, but they also draw conflicting inferences from those of defendant's experts as to the "cohort group" study. These collective "cohort" problems indicate that there are material factual disputes yet to be resolved. See, Piva v. Xerox Corp., 654 F.2d 591, 594 (9th Cir. 1981); Williams v. City of San Francisco, 483 F.Supp. 335, 338-39 (N.D.Cal.1979).
 
 
 15
 In addition to statistical evidence, plaintiffs produced evidence of specific instances of promotion discrimination. The district court analyzed instances of alleged discrimination against the named plaintiffs, but did not consider the instances of alleged discrimination against other women. The existence of unresolved factual disputes regarding these instances precludes summary judgment.
 
 
 16
 The district court found that the defendant's depositions showed legitimate reasons for its individual employment decisions and that the plaintiffs had not controverted this evidence. Thus, it held that a prima facie case made on the theory of McDonnell Douglas, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), had been rebutted and no factual issues relevant to that theory remained. It may be that summary judgment may be given on this basis in a case where the sole theory is that of McDonnell Douglas.[1] Meyer v. California and Hawaiian Sugar Co., 662 F.2d 637 (9th Cir. 1981). However, in this case the prima facie showing of discrimination against the individual plaintiffs rests in part upon proof that there was a pattern or practice of discrimination. A prima facie case that there was such a pattern or practice rests in part upon a statistical showing on the theory of Teamsters v. United States, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).[2] The district judge did not reach the question of whether the defendant had successfully rebutted the prima facie proof of individual acts of discrimination that would arise from proof of a pattern or practice of discrimination. In general, it is more difficult for a defendant to gain summary judgment in a case like the present one. The McDonnell Douglas test focused on the promotion for which plaintiffs applied or could have applied, so that it is relatively clear what the defendant must prove in order to rebut the prima facie proof. The same is not true here. A pattern or practice of discrimination can take subtle forms. There may be no announcements of vacancies or qualifications. Men may be more frequently evaluated for promotion potential than are women. We do not say that summary judgment is never proper against individual plaintiffs in a pattern or practice case, but in this case we think that the defendant has not made a sufficient showing.
 
 
 17
 Regardless of whether the named plaintiffs were the best qualified applicants, their depositions and other evidence, including the statistics, raised the factual issue of whether Sky Chefs had a regular practice of keeping women from advancing by not announcing job openings and by seeking men to fill the positions. If such a practice is proved, a rebuttable presumption will arise that any promotion decision during the discriminatory practice period was made as a result of the practice. The burden will then shift to the defendant to show it denied the promotion for lawful reasons. Teamsters, 431 U.S. at 357-62, 97 S.Ct. at 1865-68 citing Franks v. Bowman Transportation Co., 424 U.S. 747, 773, 96 S.Ct. 1251, 1268, 47 L.Ed.2d 444 (1976).
 
 
 18
 Finally, under the present record, we think that triable issues of fact exist as to whether individual prima facie cases of promotion discrimination under McDonnell Douglas may be established. Although they have not shown that they were in fact rejected when promotion decisions were made, plaintiffs need not make such a showing. In Reed v. Lockheed Aircraft Corp., 613 F.2d 757 (9th Cir. 1980), we held that to establish a prima facie individual case of sex discrimination a plaintiff may offer statistical evidence showing a disparity between the overall percentage of female employees with an employer and the percentage of females holding managerial positions. We opined that the district court's finding that Reed was not discriminatorily denied certain promotions was "almost irrelevant in light of ... (her) attack on ... (her employer's policies)." 613 F.2d at 762. Similarly, the named plaintiffs' attack on Sky Chefs' promotion practices enables them to withstand a motion for summary judgment on their individual claims.
 
 C. DISCRIMINATION IN TERMINATIONS
 
 19
 Plaintiffs did not present any evidence of classwide discrimination in terminations. Accordingly, the district court properly analyzed plaintiffs' individual claims of termination under the McDonnell Douglas test. There is no factual dispute surrounding the terminations of Frohlich and Rennau. Consequently, since Sky Chefs' articulated explanations rebut any inference that Frohlich and Rennau were terminated because of their sex, and since there is no evidence of pretext, summary judgment was properly granted. However, O'Brien flatly denied by controverting affidavit defendant's version of the facts surrounding the incident upon which her dismissal was based. Hence, summary judgment was inappropriate since the disputed facts go to the heart of whether her firing was pretextual.
 
 
 20
 Plaintiffs further argue that Frohlich's and Rennau's termination claims should survive the summary judgment motion because further discovery was necessary. Absent an abuse of discretion, however, the trial court's decision to deny a request for further discovery will not be reversed on appeal. Moore's Federal Practice P 56.24 at 56-1428 (1980). We conclude that the trial court did not abuse its discretion when it determined plaintiffs had adequate time to complete discovery during the two and one-half years after the filing of the complaint.
 
 D. SEXUAL HARASSMENT AND RETALIATION
 
 21
 Sky Chefs asserts the individual claims of sexual harassment and retaliation were abandoned. If Sky Chefs believed that plaintiffs lacked sufficient facts with respect to these claims, it had the burden, as the moving party to show the absence of a genuine issue. See Fed.R.Civ.P. 56(c); 10 Wright & Miller, Federal Practice & Procedure § 2739 at 717 (1973). Sky Chefs has not met its burden. Accordingly, the plaintiffs are entitled to rest on the allegations in their pleadings. Fed.R.Civ.P. 56(e) (Advisory Committee note); 10 Wright & Miller, Federal Practice & Procedure § 2739 at 716-17. The allegations of O'Brien and Frohlich, that Sky Chefs refused to rehire and gave bad recommendations after termination and the filing of EEOC charges, are sufficient to assert retaliation claims. We also conclude that plaintiffs' harassment claims can withstand summary judgment.[3]
 
 E. DECERTIFICATION OF THE CLASS
 
 22
 As stated previously, in 2 1/2 years, plaintiffs produced no evidence of classwide discrimination in terminations. Under these circumstances, decertification of the class was more appropriate than summary judgment against the class. Since plaintiffs' failure to produce evidence may have been due to inadequate representation of the class interests rather than to absence of classwide discrimination, decertification avoided any res judicata effect against the class.
 
 
 23
 Standing on a different footing is the decertification of the promotion classes. This is so because decertification was based on the erroneous determination that the claims of named plaintiffs were invalid. Having determined that decertification was improper, we need not reach the question of whether meritless representative claims should result in decertification in this action. In this respect, however, see United States Parole Comm'n v. Geraghty, 445 U.S. 388, 405-08, 100 S.Ct. 1202, 1214-15, 63 L.Ed.2d 479 (1980); East Texas Motion Freight System, Inc. v. Rodriguez, et al., 431 U.S. 395, 406 n.12, 97 S.Ct. 1891, 1898 n.12, 52 L.Ed.2d 453 (1977); Sosna v. Iowa, 419 U.S. 393, 403, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975); Satterwhite v. Greenville, 634 F.2d 231 (5th Cir. 1981).
 
 III. CONCLUSION
 
 24
 The district court properly decertified the discriminatory termination class since, after ample discovery time, plaintiffs submitted no evidence of classwide discrimination in terminations. Summary judgment against Frohlich and Rennau on their individual termination claims is similarly AFFIRMED. The judgment is REVERSED and the case is REMANDED as to the class and individual claims of promotion discrimination, O'Brien's claim of discriminatory termination, O'Brien's and Frohlich's claims of retaliation, and the three representatives' sexual harassment claims.
 
 
 
 *
 The Honorable Justin L. Quackenbush, U. S. District Judge for the Eastern District of Washington, sitting by designation
 
 
 [1]
 Under McDonnell Douglas, a plaintiff must show she is a member of the protected class, she was qualified for the position sought, she was denied the promotion and men with similar qualifications got the promotion. Lynn v. Regents of the University of California, 656 F.2d 1337 at 1340 (9th Cir. 1981). The burden then shifts to the employer to produce evidence of a legitimate, nondiscriminatory reason for rejecting the plaintiff, after which plaintiff must persuade the court the proffered reason is a pretext for discrimination. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981)
 
 
 [2]
 The Supreme Court in Teamsters stated that McDonnell Douglas' requirements are not the "only means" by which plaintiffs may make the requisite prima facie showing. See Lynn, 656 F.2d at 1341 quoting Teamsters v. United States, 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977) and Furnco Construction Corp. v. Waters, 438 U.S. 567, 575-76, 98 S.Ct. 2943, 2948-49, 57 L.Ed.2d 957 (1978)
 
 
 [3]
 Because the issue was not presented to us, we need not decide whether sexual harassment violates Title VII and, if so, what elements must be shown to establish a prima facie case