**Catherine M.M. FELTON,**
**Plaintiff-Appellee,**

v.

**TRUSTEES OF the CALIFORNIA STATE UNIVERSITIES AND COLLEGES, et al., Defendants-Appellants.**

No. 82–4212.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 17, 1983.

Decided June 24, 1983.

Duniway, Circuit Judge, filed a concurring and dissenting opinion.

Matthew P. Boyle, San Francisco, Cal., for plaintiff-appellee.

Gail Wetzel, True & Wetzel, Oakland, Cal., for defendants-appellants.

Before DUNIWAY, CHOY, and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

The Trustees of the California State Universities and Colleges (Trustees) appeal from the decision of the district court awarding Catherine Felton (Felton) back pay, seniority, benefits and costs of her Title VII action. The Trustees also appeal the district court's order of dismissal of their counterclaim. The Trustees seek a declaration that Felton received a tenured position as the result of an arbitrator's decision which, it is alleged, is in violation of the fourteenth amendment of the federal constitution.

## I.

Felton presented evidence to the district court that she was a woman, that she applied for the position of assistant professor of meteorology at San Francisco State for which she possessed the minimum qualifications, and that the Trustees selected a man.

The district court correctly concluded that this proof met the requirements of a prima facie case of unlawful discrimination suggested in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253 n. 6, 101 S.Ct. 1089, 1094 n. 6, 67 L.Ed.2d 207 (1981).

## II.

The term "prima facie case" as used in a Title VII context denotes the establishment of a legally mandatory, rebuttable presumption. *Burdine,* 450 U.S. at 254 n. 7, 101 S.Ct. at 1094 n. 7.

To rebut the presumption of unlawful discrimination as the reason for Felton's rejection, the Trustees presented the following evidence as to the reasons which moved them to select a man:

1. Dr. Monteverdi, the man selected for the position, had received a Ph.D. Felton was the only applicant considered for the position who did not have a doctorate.

2. Dr. Monteverdi demonstrated superior research ability. He had published four or five excellent papers, at least one of which had appeared in a professional journal. Felton did not have a good publication record. She had not published since 1966.

3. Dr. Monteverdi had received a fine recommendation from the university which awarded him his Ph.D. Felton did not present a letter of recommendation from the University of California where she was a doctoral candidate at the time of the selection.

4. Dr. Monteverdi had prepared extensive and impressive lab teaching manuals for his students in the geology department at the University of California at Berkeley.

## III.

The district court concluded that "[d]efendant's burden of proof in attempting to rebut plaintiff's prima facie case is to prove, by clear and convincing evidence, that even in the absence of the discrimination she would not have been hired for the position." This is not an accurate statement of the law. The burden placed on an employer when faced with proof of a prima facie case of unlawful discrimination under the disparate treatment theory of proof has been described by the Supreme Court in *Burdine* in the following language:

> The burden that shifts to the defendant, therefore, is to rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. The defendant need not persuade the court that it was actually motivated by the proffered reasons. See [*Board of Trustees of Keene State College v. Sweeney,* 439 U.S. 24, 25, 99 S.Ct. 295, 295–96, 58 L.Ed.2d 216 (1978)]. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. The explanation provided must be legally sufficient to justify a judgment for the defendant. If the defendant carries this burden of production,

the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. Placing this burden of production on the defendant thus serves simultaneously to meet the plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext. The sufficiency of the defendant's evidence should be evaluated by the extent to which it fulfills these functions.

The plaintiff retains the burden of persuasion. She now must have the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision. This burden now merges with the ultimate burden of persuading the court that she has been the victim of intentional discrimination. She may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. *See McDonnell Douglas,* 411 U.S., at 804–805 [93 S.Ct., at 1825–1826].

450 U.S. at 254–56, 101 S.Ct. at 1094–95 (footnotes omitted).

In the matter before us, the Trustees produced ample admissible evidence that Dr. Monteverdi was preferred for legitimate, nondiscriminatory reasons. Once an employer has carried this burden the plaintiff must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* at 253, 101 S.Ct. at 1093.

The district court, in erroneously allocating the burden of persuasion by clear and convincing evidence to the Trustees to rebut Felton's prima facie case, relied upon this court's decision in *League of United Latin American Citizens (LULAC), Monterey Chapter 2055 v. City of Salinas Fire Department,* 654 F.2d 557 (9th Cir.1981). This reliance was misplaced. The *LULAC*

case is not concerned with the type or quantum of evidence which must be produced by an employer to rebut a presumption of unlawful discrimination.

■ In the *LULAC* case, this court recognized that *Burdine* teaches us that the burden of persuading the trier of fact that the defendant intentionally discriminated remains at all times with the plaintiff. We said in *LULAC,* however, that once the plaintiff has met this burden by a preponderance of the evidence, the plaintiff is entitled to the remedies of retroactive appointment and back pay unless the employer shows by clear and convincing evidence that the "proven discrimination did not cause a plaintiff's rejection." *Id.* at 559. *See also Muntin v. State of California Parks and Recreation Department,* 671 F.2d 360, 363 (9th Cir.1982) (same). Under such circumstances, the employee must show "that even in the absence of discrimination the rejected applicant would not have been selected for the open position." *Marotta v. Usery,* 629 F.2d 615, 618 (9th Cir.1980).

Recently in *United States Postal Service Board of Governors v. Aikens,* —— U.S. ——, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983), the Supreme Court reiterated its view as expressed in *Burdine* that the plaintiff in a Title VII matter retains the burden of persuasion throughout the trial. *Id.* 103 S.Ct. at 1482. The Court observed that when the district court decides that the plaintiff has made out a *prima facie* case of employment discrimination, the employer must respond "to the plaintiff's proof by offering evidence of the reason for the plaintiff's rejection, the fact finder must then decide whether the rejection was discriminatory within the meaning of Title VII. At this stage the *McDonnell-Burdine* presumption 'drops from the case.'" *Id.* 103 S.Ct. at 1482.

In the instant matter the trial judge apparently made up his mind that Felton was the victim of employment discrimination after the plaintiff had presented a *prima facie* case under the *McDonnell-Burdine* presumption and before the employer had an opportunity to offer any evidence that its

conduct was non-discriminatory. In so doing the district court denied the employer the opportunity to rebut the employee's *prima facie* showing by proof of the non-discriminatory reasons for rejecting Felton. The Supreme Court has instructed us in *United States Postal Service,* that in spite of the "sensitive" and "difficult" factual questions presented in Title VII cases, trial courts and reviewing courts should not treat these cases "differently from other ultimate questions of fact." *Id.* 103 S.Ct. at 1482. Nowhere in *United States Postal Service* is there any reference to any requirement that the employer must rebut the employee's *prima facie* case of discrimination by clear and convincing evidence. Here, the district court, by placing the burden on the employer to rebut the *McDonnell-Burdine* presumption by clear and convincing evidence, created a novel method of determining the questions of fact before it. In short, it chose to treat discrimination differently by imposing on an employer the burden of persuasion as to the ultimate fact of discrimination. This allocation of the burden of proof differs from the rules applied to all other civil matters. *United States Postal Service* teaches us that we cannot create special rules for deciding factual conflicts concerning alleged employment discrimination.

### IV.

Because the district court erroneously placed the burden of persuasion on the Trustees after a rebuttable prima facie showing of unlawful discrimination, we cannot determine whether the judgment in favor of Felton was colored by the district court's mistaken notion of the requirements of *McDonnell Douglas, Burdine* and the law of this circuit.

For that reason, we must reverse and remand this matter so that the district court may decide whether Felton has met her burden of persuasion by a preponderance of the evidence that the non-discriminatory reasons given by the Trustees for rejecting her were pretextual and that she was in fact the victim of intentional discrimination.

### V.

■ We now turn to the Trustees' appeal of the dismissal of their counterclaim. The Trustees allege that in violation of the fourteenth amendment Felton was given a tenured position by an arbitrator who resolved the grievance against the University in her favor. The Trustees have cited no authority to support this novel cause of action. The district court dismissed the counterclaim because the fourteenth amendment, by its terms, bars discriminatory action by the states, not individuals. Thus, Felton is not a proper party to such a claim. *See Ginn v. Mathews,* 533 F.2d 477, 479 (9th Cir.1976) (citing *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948) and *Civil Rights Cases,* 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1882). We agree with the district court that the counterclaim is without merit.

### VI.

The judgment in favor of Felton's Title VII claim is reversed and remanded.

The order dismissing the Trustees' counterclaim is affirmed.

DUNIWAY, Circuit Judge, concurring and dissenting:

I concur in the majority's opinion in all respects but one. In part IV, it holds that the matter should be remanded to the trial judge because he did not properly apply *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253, n. 6, 101 S.Ct. 1089, 1094, n. 6, 67 L.Ed.2d 207 (1981), having misconstrued our decision in *League of United Latin American Citizens (LULAC), Monterey Chapter 2055 v. City of Salinas Fire Dept.,* 654 F.2d 557 (9th Cir. 1981). I think that Judge Conti construed *LULAC* correctly and that we need not refer the matter back to him for further consideration.

In *LULAC* we held that the defendants must shoulder the burden of persuasion by

clear and convincing evidence in the *remedial* phase of the trial, after the plaintiff has already proved by a preponderance of the evidence that the defendants intentionally discriminated. Judge Conti stated, in his conclusions of law, filed on January 19, Excerpts p. 16:

> Defendant's burden of proof in attempting to rebut the plaintiff's *prima facie* case is to prove, by clear and convincing evidence, that even in the absence of the discrimination she would not have been hired for the position. *LULAC v. City of Salinas Fire Department*, 654 F.2d 557 (9th Cir.1981).

This is in essence what *LULAC* says on page 558 of 654 F.2d in the right-hand column under [3], except that the opinion said: "Once intentional discrimination is shown" rather than referring to a *"prima facie* case." But surely a showing of intentional discrimination is a showing of a *prima facie* case.

Moreover, in his Order Denying Motion for Additional Finding, etc., filed on April 9, 1982, Excerpts at page 27, Judge Conti says:

> In the findings of fact and conclusions of law, the court concluded that "[t]he defendant intentionally discriminated against the plaintiff in the hiring decision" and that the "defendant has failed to prove by clear and convincing evidence that plaintiff would not have been hired despite the discriminatory treatment." Thus, the burden of proof was properly placed on defendant after the finding of intentional discrimination was made.

This seems to me to make it clear that the judge was applying *LULAC* correctly. Under these circumstances, we should simply affirm rather than remanding to him to go through what would be essentially a meaningless ritual performance.

My view is strengthened by the decision of the Supreme Court in *United States Postal Service Board of Governors v. Aikens*, —— U.S. ——, ——, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983). I refer particularly to the paragraph which begins at page 1482 of the Supreme Court Reporter and reads as follows:

All courts have recognized that the question facing triers of fact in discrimination cases is both sensitive and difficult. The prohibitions against discrimination contained in the Civil Rights Act of 1964 reflect an important national policy. There will seldom be "eyewitness" testimony as to the employer's mental processes. But none of this means that trial courts or reviewing courts should treat discrimination differently from other ultimate questions of fact. Nor should they make their inquiry even more difficult by applying legal rules which were devised to govern "the allocation of burdens and order of presentation of proof," *Burdine, supra* [450 U.S.] at 252 [101 S.Ct. at 1093], in deciding this ultimate question.

I would affirm, rather than remand.