George Ann MUNTIN, Plaintiff-Appellant,

v.

STATE OF CALIFORNIA PARKS AND RECREATION DEPARTMENT, et al., Defendants-Appellees.

No. 82–4499.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 1984.

Decided July 26, 1984.

Kelley Burg, San Rafeal, Cal., for plaintiff-appellant.

Joanne Condas, Deputy Atty. Gen., San Francisco, Cal., for defendants-appellees.

Before FARRIS, FERGUSON and NELSON, Circuit Judges.

FERGUSON, Circuit Judge:

George Ann Muntin, an experienced deckhand, brought this Title VII action against the California Parks and Recreation Department (Department), alleging that the Department denied her a position as a deckhand at Historic Ships Park in San Francisco on the basis of her sex. In *Muntin v. California Parks & Recreation Department*, 671 F.2d 360 (9th Cir.1982), we held that Muntin conclusively demonstrated sex-based discrimination in violation of Title VII. The evidence supporting our decision included the testimony of the person responsible for hiring, which indicated that he would not have seriously considered any woman to fill the position, and the departure from the Department's eighteen-year practice of interviewing the three candidates who scored highest in the civil service qualifying examination. Although Muntin placed third among 60 applicants, the Department did not interview her for deckhand vacancies. We held that a remedy of backpay would be appropriate unless the Department could prove by clear and convincing evidence that Muntin would not have been hired even in the absence of the proven discrimination. *Id.* at 363. *See League of United Latin American Citizens v. Salinas Fire Department*, 654 F.2d 557, 558 (9th Cir.1981).

On remand, the district court held that the Department met its burden of proof. Muntin appeals that determination. We review the district court's findings of fact under the "clearly erroneous" standard. *Marotta v. Usery*, 629 F.2d 615, 618 (9th Cir.1980).

The district court found that two deckhand positions became available during the relevant period, and that there were legitimate reasons, unrelated to Muntin's application, for the Department to hire Edward Redig and Douglas Dickenson instead of Muntin.[1] The district court found that "[Muntin], Redig, and Dickenson all had similar experience relating to historic sailing ships." Nonetheless, the court concluded that "Redig was hired [for the 1975

---

1. Because we hold that the Department failed to prove that Muntin would not have been hired for the first position even absent discrimination, and because we remand for the sole purpose of computing backpay damages, we do not discuss whether the Department met its burden in regard to the later vacancy.

vacancy] because he was first on the [civil service examination] ... and [was] therefore entitled to the position .... Dickenson was hired [for the 1976 vacancy] pursuant to his reinstatement rights." In reaching its decision, the district court departed from established legal standards that should have guided its evaluation of evidence. On this basis, we reverse the district court's judgment holding that the Department has proved by clear and convincing evidence valid reasons for failing to hire Muntin. *Marotta v. Usery*, 629 F.2d 615, establishes the procedures for the district court to follow when, as in this case, the issue is whether the defendant has met its burden of demonstrating that an applicant who has already proven discrimination would nonetheless not have been hired.

■ First, the district court should identify the relevant and proper nondiscriminatory standards by which the employer ordinarily evaluates candidates. *Marotta*, 629 F.2d at 619; *cf. Franks v. Bowman Transportation Co.*, 424 U.S. 747, 773 n. 32, 96 S.Ct. 1251, 1268 n. 32, 47 L.Ed.2d 444 (1976) (To defeat a class claim for seniority relief or other remedies, a defendant may attempt to prove that an individual plaintiff was not discriminatorily refused employment. Evidence of a lack of vacancies or an applicant's lack of qualifications evaluated "under nondiscriminatory standards *actually applied* by [the defendant] to individuals who were in fact hired—would of course be relevant." (emphasis in original)). At trial, the hiring official testified that he used test scores to identify the three top candidates to be interviewed for vacant positions. The interviews were necessary to determine the candidates' qualifications in categories which were not tested in the civil service examination, but which were essential qualifications for the deckhand position. These categories included physical strength and agility, articulateness, public contact skills, and interest in maritime history.

■ Next, the district court should analyze the plaintiff's and the other candidates' qualifications in terms of these nondiscriminatory standards. *Marotta*, 629 F.2d at 619. The district court found that Redig and Muntin had similar experience relating to historic sailing ships, but made no findings as to any of the other relevant factors. Instead it relied on a single factor, the test score.

This case is similar to *Milton v. Weinberger*, 645 F.2d 1070 (D.C.Cir.1981), in which the court reversed the district court's conclusion that the rejected applicant would have been denied a position even absent discrimination because she had received a lower numerical rating than the successful candidate in the first stage of the selection process. The court concluded that the defendant had not satisfied its burden of proof because the selecting official's decision involved more factors than the numerical ranking. "[I]f the selecting official needed no information other than the relative ranking of the candidates before the interview, there would be no purpose in the interview itself." *Id.* at 1079.

■ We hold that the district court decision was clearly erroneous. The Department failed to satisfy its burden to prove by "clear and convincing evidence" that Muntin would not have been hired even absent the proven discrimination.

Ordinarily we would remand for a determination whether the Department has shown that there are legitimate factors, such as those usually considered during the interview, which would have prevented Muntin from being hired even in the absence of discrimination. *See, e.g., Milton v. Weinberger*, 645 F.2d at 1079. However, we have reversed and remanded once, and the history of the case indicates that a second remand would not be in the interest of justice or efficient case management. On remand, the district court had an opportunity to list any legitimate nondiscriminatory reasons to support its finding. Instead, it relied solely on the difference between Muntin's and Redig's test scores although prior to Muntin's application the scores had been used merely to select candidates to interview. The Department introduced evidence limited to Muntin's and

Redig's sailing and work experience, but offered no evidence on other relevant qualifications. This evidence is insufficient to meet the Department's burden of proving that Muntin would not have been hired for the 1975 vacancy in the absence of discrimination. Thus, we remand to the district court for the sole purpose of computing an award of backpay damages.

REVERSED AND REMANDED.