John C. McLEAN, PLaintiff-Appellant,

v.

PHILLIPS–RAMSEY, INC., a corporation, Defendant-Appellee.

No. 78–1641.

United States Court of Appeals, Ninth Circuit.

June 2, 1980.

Lloyd Edward Tooks, San Diego, Cal., for plaintiff-appellant.

Alexander B. McDonald, San Diego, Cal., argued, for defendant-appellee; Russell A. Andres, Jr., McDonald, Pulaski, Harlan & Coppo, San Diego, Cal., on brief.

Before SNEED and PREGERSON, Circuit Judges, and TEMPLAR,* District Judge.

PER CURIAM.

The sole issue presented on appeal is whether the district court erred in concluding, at the end of plaintiff's case-in-chief, that plaintiff-appellant, John C. McLean, failed to present sufficient evidence to establish a *prima facie* case of racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Because we find that appellant did establish a *prima facie* case of racial discrimination, we reverse.

McLean is a black artist. Phillips-Ramsey, Inc. is an advertising agency located in San Diego, California. On September 24, 1976, McLean filed an employment discrimination complaint against the advertising agency in the United States District Court for the Southern District of California, alleging that the agency refused to hire him because he is black. The complaint charges violations of 42 U.S.C. § 1981[1] and Title VII of the Civil Rights Act. The case was tried before the district court sitting without a jury. On August 30 and 31, 1977, McLean presented his case-in-chief, after which the agency moved under F.R.Civ.P.

41(b) for dismissal of the action. The district court granted the motion on the ground that plaintiff had failed to present sufficient evidence to establish a *prima facie* case of racial discrimination, and, accordingly, entered judgment in the agency's favor.

Under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), the plaintiff in a Title VII action alleging racial discrimination must make a *prima facie* showing that: (1) the plaintiff belongs to a racial minority; (2) the plaintiff applied and was qualified for a job for which the employer was seeking applicants; (3) the employer rejected the plaintiff; and (4) the employer then continued to seek applications from persons of plaintiff's qualifications.

In support of its conclusion that McLean had not established a *prima facie* case of discrimination, the district court found that: (1) McLean made no application for any position with the advertising agency until November or December of 1972; (2) McLean failed to show that he was qualified to fill any position with the agency; and (3) the agency had no employment vacancies at any time relevant to the action. These findings may not be disturbed unless clearly erroneous. *Rutledge v. Electric Hose & Rubber Co.,* 511 F.2d 668, 676 (9th Cir. 1975).

We conclude that the district court's findings are clearly erroneous. The evidence shows that no later than February 1972, McLean applied for a starting position with the advertising agency. Although there is some uncertainty whether McLean's application for employment specified the position McLean sought, he did furnish the agency with evidence that showed he was qualified for a production artist position that became available about a month later. According to the evidence, McLean brought a portfolio of illustrations prepared by him to his interview and after his interview he stated in a letter to the agency that he was

---

* The Honorable George Templar, United States District Judge for the District of Kansas, sitting by designation.

1. McLean does not raise his claim under 42 U.S.C. § 1981 on appeal.

knowledgeable in the art of paste-ups and layouts. The production artist position requires knowledge of paste-ups and layouts. Two expert witnesses, moreover, testified that McLean was qualified to work as a production artist in an advertising agency. Thus McLean made an adequate showing of his qualifications for a production artist position.

A vacancy need not exist on the day an applicant applies for a job. *See East v. Romine, Inc.,* 518 F.2d 332, 338 (5th Cir. 1975). McLean's application for employment, submitted to the agency in early 1972, should·have been treated as viable for a reasonable period of time, especially in light of the follow-up letter he mailed to the agency soon after his interview. About a month after the interview, the agency did hire a nonblack production artist. Thus an employment opportunity did arise during the time McLean's application was on file with the agency.

McLean presented sufficient evidence to establish a *prima facie* case of racial discrimination under the *McDonnell Douglas* standard. The district court's dismissal of his Title VII action is therefore reversed and the case remanded for further trial on the merits.