Miriam OSTROFF, Plaintiff-Appellant,

v.

EMPLOYMENT EXCHANGE, INC., an Oregon corporation, d/b/a The Job Mart; Marie A. Walsh and Robert E. Walsh, d/b/a American Business Consultants, Defendants-Appellees.

No. 80–3477.

United States Court of Appeals, Ninth Circuit.

July 26, 1982.

Charles Merten, Merten & Saltveit, Portland, Or., for plaintiff-appellant.

Wesley Franklin, Franklin, Bennett, Ofelt & Martin, Portland, Or., for defendants-appellees.

Before BROWNING, Chief Judge, WALLACE and BOOCHEVER, Circuit Judges.

PER CURIAM:

Ostroff brought this suit against Employment Exchange, Inc. ("EEI"), an employment agency, and its individual owners for

refusal to refer her to a potential employer because of her sex. Judgment was rendered for defendants following a court trial.

The district court found that Ostroff called EEI about an advertised position of executive secretary with the Washington State School District Association ("WSSDA"), was treated curtly, and, before any inquiry was made about her qualifications for the position, was told the job was already filled. Later that day, her husband phoned EEI and was told the job was still open and was invited to apply. These factual findings are not clearly erroneous. *McLean v. Phillips-Ramsey, Inc.*, 624 F.2d 70, 71 (9th Cir. 1980) (per curiam).

Notwithstanding this disparate treatment, the court concluded Ostroff did not meet the qualifications for the job set by WSSDA because she did not have a college degree, a requirement stated in the ad, and lacked significant managerial experience. The court therefore held Ostroff failed to prove the second element of the four-part test for establishing a prima facie case stated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), namely, "that [s]he applied and was qualified for a job for which the employer was seeking applicants."

■ The issue is whether this element of the *McDonnell Douglas* test is invariably required to make out a prima facie case under Title VII, 42 U.S.C. § 2000e–2(b). *Nanty v. Barrows Co.*, 660 F.2d 1327 (9th Cir. 1981), established that it is not. In *Nanty*, before Nanty was asked about his qualifications, interviewed, or given an application, he was told by the employer that the job he sought had been filled. Three days later, defendant hired Caucasians for the position. This court stated:

> although Nanty was a legitimate candidate for a position the employer was seeking to fill, Barrows rejected him at a time when it had no knowledge of, and no way of evaluating, his qualifications. Therefore, neither "an absolute or relative lack of qualification" nor "the absence of a vacancy in the job sought" was the *reason* for Nanty's rejection, and Nanty established his *prima facie* case.

*Id.* at 1332. When an employer summarily rejects an applicant without considering his or her qualifications, those qualifications are irrelevant to whether the Title VII plaintiff has raised a prima facie case of disparate treatment. *See EEOC v. Ford Motor Co.*, 645 F.2d 183, 188 n.3, 198–99 (4th Cir. 1981).

Since Ostroff established a prima facie case of differential treatment based on sex, the burden fell upon defendants to "articulate a legitimate, nondiscriminatory reason" for their refusal to refer Ostroff. *McDonnell Douglas, supra*, 411 U.S. at 802, 93 S.Ct. at 1824. But defendants introduced no evidence as to the reasons for Ostroff's rejection. As in *Nanty*:

> [EEI] knew nothing about [Ostroff] at the time of the rejection and offers *no* explanation for its action in rejecting [Ostroff]. Thus [EEI] has totally failed to "articulate a legitimate nondiscriminatory" *reason for [Ostroff's] rejection* and to meet its step two burden.

660 F.2d at 1332. (Emphasis in original.) Since defendants failed to rebut plaintiff's prima facie case of unlawful discrimination, plaintiff was entitled to judgment. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 258, 101 S.Ct. 1089, 1096, 67 L.Ed.2d 207 (1981).

■ The parties stipulated that if discrimination were established at trial, EEI should be enjoined against such behavior in the future. An injunction should therefore issue regardless of Ostroff's qualifications. However, Ostroff cannot recover lost wages if she would not have been referred by EEI or hired by WSSDA absent sex discrimination. Unlawful discrimination having been proven, however, the burden is on defendants to prove by clear and convincing evidence that Ostroff would not have been referred or hired in the absence of discrimination. *Nanty, supra*, 660 F.2d at 1333–34; *Marotta v. Usery*, 629 F.2d 615, 618 (9th Cir. 1980). *Cf. International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 359, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977); *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 772–73 & n.32, 96 S.Ct. 1251, 1267–68 & n.32, 47 L.Ed.2d 444 (1976).

The district court erroneously imposed the burden of proof on this issue upon Ostroff. We remand so the court may reevaluate the evidence in light of the proper standard.

 Ostroff contends the district court erred in admitting the testimony of Mrs. Walsh, defendant-owner of EEI, that a WSSDA official told her a college degree was required for the position. Mrs. Walsh's testimony was hearsay as to the issue of whether WSSDA in fact required a college degree, but was admissible to prove Mrs. Walsh's understanding of what WSSDA required. *See* 11 Moore's Federal Practice ¶ 803(3)[6] (2d ed. 1976). Mrs. Walsh's understanding was relevant since if she believed in good faith that a college degree was a prerequisite to the job, and would have declined to refer Ostroff because she lacked such a degree, defendant would not be liable for lost wages. *Cf.* 29 C.F.R. § 1604.6(b).

REVERSED AND REMANDED.