HUNG PING WANG, Plaintiff-Appellant,

v.

Martin L. HOFFMAN, Secretary of the Army, and Donald R. Rumsfeld, Secretary of Defense, Defendants-Appellees.

No. 80–3297.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1981.

Decided Dec. 3, 1982.

Dissenting Opinion Dec. 17, 1982.

Nick Chaivoe, Nick Chaivoe, P.C., Portland, Or., for plaintiff-appellant.

Judith Kobbervig, Portland, Or., for defendants-appellees.

Before GOODWIN and FLETCHER, Circuit Judges, and McNICHOLS,* District Judge.

FLETCHER, Circuit Judge:

Wang appeals the dismissal of his Title VII action against the Army Corps of Engineers. We note jurisdiction under 28 U.S.C. § 1291 (1976) and reverse.

## I

## FACTS

Wang was born in Taiwan and emigrated to the United States in 1965. He worked for the Army Corps of Engineers (Corps) from 1966 to 1969 at the GS–9 level, and then at the GS–11 level until his retirement in 1980.

Wang brought this Title VII action against the Corps alleging that he had been denied promotion to three GS–12 positions in 1973 and 1974.[1] After a bench trial, the district court dismissed the action.

## II

## ANALYSIS

Wang contests the validity of the promotion system used by the Corps. Under that system, the supervisors of the job to be filled determine on an ad hoc basis the hiring criteria for the particular job. The personnel office then publishes a vacancy announcement stating these criteria together with a job description, instructions on how to apply, and civil service minimum qualification requirements. A committee

then reviews the candidates who have applied for the position and who appear to meet the civil service requirements. The committee ranks the candidates, based on the stated criteria, and forwards the names of those determined to be "highly qualified" to the department supervisor for final selection. Wang was not referred as a "highly qualified" candidate for any of the promotions in question.

Wang contends that: (1) the evaluation procedure is discriminatory as a matter of law because the members of the ad hoc committee and the department supervisors could assign different criteria and different weights to the criteria for each position; (2) the use of supervisor evaluations as part of the promotion process was impermissible; and (3) the selection procedure did not adequately take into account his education and experience.

This is both a disparate impact and a disparate treatment case under Title VII, 42 U.S.C. § 2000e *et seq.* First, Wang contends that the promotion selection process permitted a discriminatory impact on minority groups because it is predominantly subjective and provides inadequate objective guidelines. Second, Wang contends that application of the selection process to him resulted in discriminatory treatment.

### A. *Disparate Impact*

A disparate impact claim challenges a practice neutral on its face, but having a more adverse impact on minorities than on others. *Dothard v. Rawlinson,* 433 U.S. 321, 329, 97 S.Ct. 2720, 2726–27, 53 L.Ed.2d 786 (1977); *Blake v. City of Los Angeles,* 595 F.2d 1367, 1375 (9th Cir.1979). The plaintiff has the initial burden of proving that the selection process results in a "significantly discriminatory pattern" of promotions. *Connecticut v. Teal,* —— U.S. ——, ——, 102 S.Ct. 2525, 2531–32, 73

---

* The Honorable Robert J. McNichols, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

1. Wang alleged in his original complaint that: (1) he was denied a promotion to a GS–12 position in 1977; (2) several GS–12 positions were downgraded to prevent his promotion to them; and (3) he was discriminated against in his work environment. Wang has not appealed the district court's judgment as to these issues.

L.Ed.2d 130 (1982); *Contreras v. City of Los Angeles,* 656 F.2d 1267, 1271 (9th Cir.1981).

■ In order to prevail on this theory, Wang need only demonstrate the lack of objective criteria and a disparity in job promotions. Once a plaintiff establishes a prima facie case of disparate impact, the burden of proof shifts to the employer to prove either that the plaintiff's statistics are inaccurate and no disparity exists, *Dothard,* 433 U.S. at 338–39, 97 S.Ct. at 2731–32 (Rehnquist, J., concurring); *Contreras,* 656 F.2d at 1272–74, or that the practice is necessary to the efficient operation of the business, *Connecticut v. Teal,* —— U.S. at ——, 102 S.Ct. at 2531–32; *Dothard,* 433 U.S. at 331 n. 14, 97 S.Ct. at 2728 n. 14; *see Contreras,* 656 F.2d at 1271. The *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), criteria for disparate *treatment* cases do not apply to disparate *impact* cases. Wang need not prove, as the district court apparently held, that he would have been the most qualified individual for the jobs, *see, e.g., Pettway v. American Cast Iron Pipe Co.,* 494 F.2d 211, 240–43 (5th Cir.1974), *cert. denied,* 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979), nor must he prove discriminatory intent on the part of the Corps, *Piva v. Xerox Corp.,* 654 F.2d 591, 594 (9th Cir.1981).

The district court apparently analyzed all of Wang's claims as if they alleged only disparities in treatment. The problems inherent in this approach are readily apparent.

The district court found that Wang had established a prima facie case of discriminatory treatment under *McDonnell Douglas.* Under this analysis, the burden then shifted to the Corps to articulate legitimate, non-

discriminatory reasons for its failure to promote Wang. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). The Corps gave two reasons for its actions: (1) Wang did not qualify under the Corps' selection process; and (2) Wang did not possess the requisite language skills. The district court found that the latter rationale, lack of language skills, was a pretext.[2]

■ In analyzing the first rationale, the court assigned to Wang the burden of proving that but for the discrimination he would have been promoted. This is wrong. Wang is challenging the legitimacy of the selection system itself. He cannot be required to prove that he qualified for promotions under a system he alleges to be discriminatory unless the legitimacy of that system is first established. Nor can the plaintiff be required to reconstruct a valid selection system and demonstrate that under this system he would have received one or more of the promotions at issue. *See League of United Latin American Citizens (LULAC) v. City of Salinas Fire Dept.,* 654 F.2d 557, 559 (9th Cir.1981) (citing *Day v. Mathews,* 530 F.2d 1083, 1086 (D.C.Cir. 1976)).[3] The discriminatory impact of the selection system must therefore be resolved before Wang's treatment claims are addressed.

## B. *Wang's Prima Facie Case*

■ The use of subjective criteria in a selection system is not enough of itself to violate Title VII. *Ward v. Westland Plastics, Inc.,* 651 F.2d 1266, 1269–70 (9th Cir. 1980). However, courts have expressed concern over the use of subjective criteria

---

**2.** The district court's determination that the language skills criterion was pretextual supports a finding of intentional discrimination on the part of the Corps. If the language skills criterion was one of the reasons Wang was not promoted, then even if Wang could have been denied promotion for other, legitimate, non-discriminatory reasons, the Corps would still be liable under Title VII. *See Kauffman v. Sidereal Corp.,* 695 F.2d 343 (9th Cir.1982).

**3.** Once discrimination has been proved, the defendant may show by clear and convincing evidence that even in the absence of discrimination, the rejected applicant would not have been promoted and thus escape the assessment of damages under Title VII. *League of United Latin American Citizens (LULAC) v. City of Salinas Fire Department,* 654 F.2d 557, 558 (9th Cir.1981); *Marotta v. Usery,* 629 F.2d 615, 618 (9th Cir.1980). However, this is purely a remedy question and the defendant bears the burden of proof.

when there is evidence that the criteria furthered bias or discriminatory classifications. *See Pettway,* 494 F.2d at 240–43; *Baxter v. Savannah Sugar Refining Corp.,* 495 F.2d 437, 440–41 (5th Cir.), *cert. denied,* 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974); *Rowe v. General Motors Corp.,* 457 F.2d 348, 358–59 (5th Cir.1972); *see also Lynn v. Regents of the University of California,* 656 F.2d 1337, 1345 n. 8 (9th Cir. 1981).

If Wang's supervisors or the members of the selection panel could manipulate the criteria and the weighting system in order to eliminate certain candidates, then the selection process could be used for purposes of unlawful discrimination. The Corps' contention that the criteria and the weights are chosen prior to identifying the applicants is unavailing if the applicant pool is small enough or if the department supervisor had reason to believe particular individuals would apply. Wang alleges, for example, that the language skills criterion was added specifically to disadvantage him and, indeed, the district court found the contention that he lacked the requisite language skills pretextual. Some seemingly objective criteria for hiring or promotion may have an inherently disproportionate impact. *See, e.g., Dothard,* 433 U.S. 321, 97 S.Ct. 2720, 53 L.Ed.2d 786 (height requirements); *Griggs v. Duke Power,* 401 U.S. 424, 431, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971) (high school diploma); *Green v. Missouri Pacific R.R. Co.,* 523 F.2d 1290, 1294–95 (8th Cir.1975) (inquiries into criminal record); *Gregory v. Litton Systems, Inc.,* 472 F.2d 631, 632 (9th Cir.1972) (inquiries into arrest record). Similarly, a language skills requirement seems on its face to have a disparate impact on minority applicants.

## III

## CONCLUSION

Because the district court assigned an improper burden to Wang on his disparate impact claim, it is impossible to ascertain from the record before us whether Wang proved either disparate impact or disparate treatment by the Corps. We therefore reverse and remand for the court to consider and resolve Wang's disparate impact claim before proceeding to the disparate treatment claim.

REVERSED.

ROBERT McNICHOLS, District Judge, dissenting.

I respectfully dissent.

My review of the district court's opinion (which constituted the Findings of Fact) does not support the conclusion that an improper burden of proof was placed upon the plaintiff. To reach that conclusion, one must interpret the opinion very technically or take statements out of context.

The district court specifically found that the selection process did not encourage personal biases nor foster discrimination, and that the selection process was valid and fair. It is true, as the majority states, that the trial judge found that the contention of the Corps that oral communication skills were a prerequisite to promotion was a pretext. However, he went further and found that the Corps had established legitimate non-discriminatory reasons for its refusal to promote Wang.[1]

Finally, I have difficulty with the majority's theory that disparate impact analysis applies to the instant case. This approach, which treats the element of intent as irrelevant, has heretofore been reserved for those situations in which "a business practice, neutral on its face, is shown to have a substantial, adverse impact on some *group* protected by Title VII", *e.g. Gay v. Waiters' & Dairy Lunchmen's Union,* 694 F.2d 531, 537 (9th Cir.1982) *emphasis added.* Application of such analysis where only a single individual is involved is not likely to enhance stability in an area of law already fraught with uncertainty.

---

1. On this point the trial court stated "While the findings and conclusions on this point [oral communication skills] are not necessary to the holding in this case and are therefore dicta, I believe it is important for the parties to be aware of the court's resolution of this issue since it was a central issue in the trial."

Since I conclude that the trial judge properly applied the law to the facts as he found them and that the Findings of Fact are not clearly erroneous, I would affirm the judgment of the district court.