**Nancy FADHL, Plaintiff-Appellee,**

v.

**CITY AND COUNTY OF SAN FRANCISCO, Defendant-Appellant.**

**Nancy FADHL, Plaintiff-Appellee,**

v.

**POLICE DEPARTMENT OF the CITY AND COUNTY OF SAN FRANCISCO, Defendant-Appellant.**

**Nos. 82-4580, 83-2091 and 83-2108.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 1983 in No. 82-4580.

Submitted Aug. 21, 1984 in Nos. 83-2091, 83-2108.

Decided Aug. 29, 1984.

---

Laura Stevens, Willdorf & Stevens, San Francisco, Cal., for plaintiff-appellee.

Vicki L. Hobel, San Francisco, Cal., for defendant-appellant.

Before KENNEDY and REINHARDT, Circuit Judges, and HOFFMAN,* District Judge.

KENNEDY, Circuit Judge:

The City of San Francisco appeals a judgment against it for employment discrimination in violation of Title VII. 42 U.S.C. § 2000e et seq.; 28 U.S.C. § 1291. The appellee Nancy Fadhl, was awarded damages of $86,040 for having been terminated during the ninth week of a fourteen-week Field Training Program that was prerequisite to her becoming a permanent officer in the San Francisco Police Department. Her termination was based ostensibly on unacceptable performance. She filed a complaint with the EEOC and, following receipt of notice of the right to sue, brought suit alleging that her termination resulted from sex discrimination.

The trial court applied correct legal standards in determining the city's liability but made one finding that is not supported by the record. As we are uncertain whether this would affect the trial court's ruling, we remand for redetermination. With respect to damages, we conclude that the awards of back pay and front pay cannot stand without further specific findings. We remand for that purpose as well.

A brief discussion of the facts of the case is in order. Fadhl was hired as a probationary police officer after successfully passing an initial application and screening process and completing the police academy portion of her training. The Field Training Program was the final step in the training process. She was required to complete this phase successfully to be retained as an officer.

The trainees were supervised by Field Training Officers, who evaluated and corrected performance. A daily report contained thirty performance categories with grades from one (lowest) to seven (highest). Specific comments and descriptions of the recruit's best and worst performance were recorded on the reverse side of the form.

There was evidence that numerical scores given to Ms. Fadhl on her daily reports were lower than scores given to men whose performance was similar or worse, and that her scores at times did not correspond to the written scoring guidelines. There was evidence that Ms. Fadhl did not receive the positive training the city admitted was necessary for success in the program. Finally, there was evidence that this treatment resulted from the bias some of the Field Training Officers had against women. Ms. Fadhl was described by one officer as being "too much like a woman." Another officer stated in an evaluation form that, "After work she can become feminine again." A third officer described Ms. Fadhl as "very ladylike at all times, which in the future may cause problems," and he instructed Ms. Fadhl not to look "too much like a lady." See Thorne v. City of El Segundo, 726 F.2d 459, 468 (9th Cir.1983) ("[a] refusal to hire a woman because of a sex-stereotyped view of her physical abilities is the kind of invidious discrimination that violates Title VII").

The city contends it is not liable for Fadhl's termination unless it can be shown that she was qualified for the program and would have been employed as a police officer but for sex discrimination by the city. This contention confuses the separate issues of threshold liability and appropriate relief. When an employer's discriminatory treatment consists of a failure to consider an applicant's qualifications, or in the use of evaluative criteria that are

* Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

**1166**

discriminatory, the applicant need not prove that he or she was qualified to fill the position sought in order to obtain some relief. *Ostroff v. Employment Exchange, Inc.,* 683 F.2d 302, 304 (9th Cir.1982) (per curiam); *Nanty v. Barrows Co.,* 660 F.2d 1327, 1332 (9th Cir.1981). In the circumstances of this case, it was proper for the district court to find initial liability for employment discrimination without reference to whether the appellee ultimately would have received employment as a police officer. *See United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983) ("The *prima facie* case method established in [*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)] was 'never intended to be rigid, mechanized, or ritualistic....'") (quoting *Furnco Construction Corp. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978)); *Peters v. Lieuallen,* 693 F.2d 966, 969 (9th Cir.1982).

■ Where employment discrimination affects the applicant's score or the evaluative process, it suffices to impose initial liability to find that sex was a significant factor in the decision not to process an application further or in the decision to terminate an employee. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981) (plaintiff may succeed "by persuading the court that a discriminatory reason more likely motivated the employer"); *Whiting v. Jackson State Univ.,* 616 F.2d 116, 121 (5th Cir.1980); *Barnes v. Costle,* 561 F.2d 983, 990 (D.C.Cir.1977). *See generally* Brodin, *The Standard of Causation in the Mixed-Motive Title VII Action: A Social Policy Perspective,* 82 Colum.L.Rev. 292, 301–04, 323–26 (1982). The district judge recognized that standard and, after finding that plaintiff "was held to a more stringent standard of performance because she was a woman," imposed liability on the city. *Fadhl v. Police Department,* 553 F.Supp. 38, 44 (N.D.Cal. 1982).

■ The evidence we have recited would have supported a finding of liability, but the court, in support of its decision, made an additional finding that is contrary to the record. The court made the specific finding that Fadhl was not present at her termination hearing. The record shows, however, that Fadhl testified at her termination hearing. The finder of fact might have considered this a critical element in the case as it could have supported an inference that the officers at the termination hearing relied solely on evaluative reports that were biased or discriminatory and thus could not have considered the appearance, demeanor, and statements of Fadhl herself. Since we do not know what weight the trial judge gave to this incorrect finding, we cannot determine whether the ultimate finding of discrimination would be different if Fadhl's appearance and testimony had been taken into account. We remand the case so that the trial judge may have the opportunity to revise or to reinstate his findings on this aspect of the case.

■ We next consider the question of damages. We conclude that if it is shown that the appellee was not qualified for the position, than neither back pay, nor so-called front pay, may be awarded. The city has the burden of proof on this issue. We remand to the district court so that it may make further, specific findings on this aspect of the case.

■ We have held in a variety of circumstances that an award of back pay or an order of reinstatement is appropriate only if the discrimination is a but for cause of the disputed employment action, and it follows that a showing of nonqualification would bar such relief. *See, e.g., Kauffman v. Sidereal Corp.,* 695 F.2d 343 (9th Cir. 1982) (retaliatory discharge); *Hung Ping Wang v. Hoffman,* 694 F.2d 1146 (9th Cir. 1982) (promotion decision); *Muntin v. State of California Parks and Recreation Dept.,* 671 F.2d 360 (9th Cir.1982) (hiring decision); *League of United Latin American Citizens (LULAC), Monterey Chapter 2055 v. City of Salinas Fire Department,* 654 F.2d 557 (9th Cir.1981) (promotion decision). This is the settled rule among other circuits as well. *See, e.g., Patterson v. Greenwood School District 50,* 696 F.2d

293, 295 (4th Cir.1982); *Day v. Mathews,* 530 F.2d 1083, 1085 (D.C.Cir.1976); *King v. Laborers Int'l Union, Local No. 818,* 443 F.2d 273, 278–79 (6th Cir.1971).

■ If liability has been established and the back pay question arises, the burden of proof is on the employer, however, and to avoid back pay the employer must show that, absent the discrimination, the applicant or prospective employee would not have been hired. *Felton v. Trustees of the California State Universities and Colleges,* 708 F.2d 1507, 1509 (9th Cir.1983); *Ostroff,* 683 F.2d at 304–05; *Nanty,* 660 F.2d at 1333–34; *Marotta v. Usery,* 629 F.2d 615, 618 (9th Cir.1980). Any testimony on this point may, of course, be weighed in light of the court's conclusion regarding the alleged employer's discriminatory actions.

In the instant case, Fadhl was an employee subject to further evaluation, so the case has aspects both of rejecting an application for permanent employment and of outright termination. We think that inasmuch as the evaluation and hiring process had not been completed, the established requirement of causation for back pay should be applicable here, and that Fadhl should not receive back pay if the city establishes that she was not otherwise qualified for the position.

The record before us contains descriptions of specific and substantial errors committed by the employee during the training period, and if this evidence is credited, it could be the basis for a finding for the city on this issue. That is a matter the trial court should determine after reviewing the entire record. Accordingly, the case must be remanded for further and specific findings on this issue. *Nanty,* 660 F.2d at 1333–34; *cf. LULAC,* 654 F.2d 557 (remand not necessary where defendant presented no evidence that plaintiff would not have been promoted).

■ The court also awarded "front pay for a period of two years ... [which] represents the difference between what the plaintiff would have earned at the Police Department and her annualized earnings in her current job." *Fadhl,* 553 F.Supp. at 45. Front pay is the term used to describe damages paid as compensation for training or relocating to another position. An award of front pay is made in lieu of reinstatement when the antagonism between employer and employee is so great that reinstatement is not appropriate. *See, e.g., Fitzgerald v. Sirloin Stockade, Inc.,* 624 F.2d 945, 956–57 (10th Cir.1980). Like back pay, reinstatement can be ordered only when the plaintiff would have been hired but for the discrimination. 42 U.S.C. § 2000e–5(g). Front pay in this case was premised on a right to reinstatement, and the award must be reversed for the same reasons we have reversed the back pay award.

The award below of attorney's fees is also before us on this appeal. In light of our disposition on the merits, the award of attorney's fees is not ripe for review. If Ms. Fadhl ultimately prevails on the merits, the award of attorneys' fees should be reconsidered in light of *Blum v. Stenson,* —— U.S. ——, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

The parties shall bear their own costs on this appeal.

REVERSED and REMANDED.