No. 88-608

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

P.W. BERRY COMPANY, INC.,

        Petitioner and Appellant,

   -vs-

DEBRA FREESE,

        Respondent and Respondent.

_____

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Larry W. Jones; Garlington, Lohn & Robinson, Missoula,
        Montana

    For Respondent:

        Valerie A. Bashor; Sherwood Law Office, Missoula,
        Montana

_____

Submitted on Briefs:  June 30, 1989

Decided:  September 18, 1989

Filed:

/Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

P. W. Berry Company, Inc., appeals from a judgment of the District Court, First Judicial District, Lewis and Clark County, affirming an award of the Human Rights Commission to Debra Freese of $4,730.25 as back wages with interest at the rate of 10 percent per annum from the date the wages would have been earned. We affirm.

Debra Freese charged the employer, P. W. Berry Company, Inc., with sex discrimination in her employment which resulted in her discharge. The Human Rights Division issued "reasonable cause findings" in which it found there were reasonable grounds to believe that discrimination occurred. A hearing examiner appointed by the Human Rights Commission issued suggested findings of fact and conclusions of law that were later essentially adopted by the Human Rights Commission that sex discrimination had in fact occurred, and that Freese was entitled to the loss of back wages with interest thereon. The decision of the Human Rights Commission was appealed to the District Court where, after consideration, the District Court affirmed. An appeal to this Court resulted.

Berry has not appealed in this Court nor did it appeal in the District Court, from the finding of the Human Rights Commission that sex discrimination had occurred in the discharge of Freese. The attack of Berry in the District Court, and now in this Court, is that the back wages awarded to Freese were improperly calculated.

Freese is a female construction laborer who at the time of her first employment by Berry was classified as an "A" general laborer by her union, with experience in the

construction business dating from 1972. The Human Rights Commission found that she had been thoroughly apprenticed, had a variety of experience in construction work, grade setting, pipe laying, the use of common hand tools, and that she met the qualifications demanded by the positions of concrete pipe layer and general laborer.

On April 24, 1984, Freese was dispatched by her union to do pipe-laying work for Berry at its request and she began work on April 25, 1984. She worked laying heavy concrete pipe for three days and on April 27, 1984, she was discharged and given a separation notice stating she was not a skilled concrete pipe layer, had unsatisfactory production, but was eligible for rehire for other work than back fill and pipe work.

On August 21, 1984, Berry requested the union to dispatch two general laborers to the same construction project and Freese was dispatched as one of those laborers. She worked for three days as a general laborer, but including work as a pipe layer, from August 22, 1984 through August 24, 1984 when again she was terminated for "unsatisfactory work."

The Commission found that both discharges were illegal, and that the first was connected to the second. It calculated that Freese was entitled to back pay for a total of 127 eight-hour working days, or $11,755.12. Against this sum was an offset for wages Freese received at other jobs in the sum of $7,024.87. The Commission awarded her the net of $4,730.25, including prejudgment interest to the date of judgment.

Berry, on appeal to the District Court, and now in this Court, attacks the award of back pay on the grounds that the testimony of one Terry Erhardt should not have been admitted by the hearings examiner, because Erhardt's name was not listed at the pre-hearing conference as a witness for Freese

and that Erhardt's exhibit should also not have been admitted. Berry also contends that the hearing examiner imposed the wrong burden of proof on Berry with respect to the back wages, and that the amount of back wages was improperly calculated by the hearing examiner and by the Human Rights Commission because of the limited days for which concrete pipe work was available on the construction project.

Berry contends that counsel for Freese had spoken to Ms. Erhardt a year before the hearing and was familiar with the information Ms. Erhardt had relating to her claim, but failed to identify this person as a witness until the Friday before the Monday hearing. The significance of Ms. Erhardt's testimony is that she testified as to the type of job for which Freese was called out from the union hall to work and whether Berry required pipe laying or general labor. Berry relies on Workman v. McIntyre Construction Company (1980), 190 Mont. 5, 617 P.2d 1281, wherein this Court held that a trial court abuses its discretion in admitting an exhibit when the party offering the exhibit fails to give fair notice of its intent to offer the exhibit. In brief Berry claims that its counsel did not interview Ms. Erhardt because Freese did not list her as a witness that Freese would call at the hearing to support her claim.

This contention is remarkable because Ms. Erhardt had been listed by Berry as one of its own witnesses on the pre-hearing order. When counsel for Berry informed counsel for Freese that Berry did not intend to call Ms. Erhardt as a witness, counsel for Freese thereupon decided to call Erhardt as her witness. The exhibit, upon which Ms. Erhardt testified, consisted of a business record kept in the ordinary course of business in the union office which was used to corroborate testimony regarding Freese's prior experience and job calls from the union. The objection made

by Berry to the introduction of the exhibit was only that the records were repetitious.

The District Court held that under those facts, Workman did not apply, as Berry could not have been surprised by the testimony of a person whom the employer had listed as one of its own witnesses. We also find no merit in this contention. The testimony of Erhardt and the exhibit were properly admitted.

As to the amount of back pay awarded to Freese, Berry contends that under the record, she was entitled at most to 27 eight-hour days of employment in the total sum of $2,499.12. Berry makes this argument because it contends that the only work for which she had been called out by Berry was to do concrete pipe-laying work and that no more than eight days of such work was available to her on this construction project after her termination. The Commission, however, found through its hearing examiner, that on the second occasion she had been called out for general labor, but had been assigned to concrete pipe laying and that she was qualified both for the positions of concrete pipe layer and general laborer. The Commission therefore calculated the amount of days of availability for both types of labor and based its award of back pay on that number of days.

Berry contends, however, that the Commission improperly imposed a burden of proof upon Berry with respect to back pay because the Commission reasoned:

> In order to establish a briefer period [for an award of back pay] the respondent [Berry] has the burden of showing by clear and convincing evidence that the charging party [Freese] would not have been employed for the entire term of the project even absent the discriminatory treatment.

Freese contends, and we agree, that the Montana Human Rights Act is closely modeled after federal law and that we

follow federal case law interpreting federal discrimination law in applying the Montana Human Rights Act. Martinez v. Yellowstone County Welfare Department (Mont. 1981), 626 P.2d 242. Under federal law, a charging party's back pay period may be reduced if he or she would have been unavailable for employment due to nondiscriminatory reasons and therefore would not have been able to earn the amounts claimed in any event. A. Larson, 2 Employment Discrimination (ed. 1988) § 55.37(a)(iii). See also Albermarle Paper Company v. Moody (1975), 422 U.S. 405, 45 L.Ed.2d 280, 95 S.Ct. 2362; Dolan v. School District No. 10, Deer Lodge County (1981), 195 Mont. 340, 636 P.2d 825.

In the Court of Appeals for the Ninth Circuit, it has been held that once a charging party has established a prima facie case of discrimination and established what is contended to be the damages resulting from this discrimination, the burden then shifts to the defendant to prove by clear and convincing evidence that a lesser amount is proper. Marotta v. Usery (Ninth Cir., 1980), 629 F.2d 615; Ostroff v. Employment Exchange Inc. (Ninth Cir., 1982), 683 F.2d 302; Nanty v. Barrows Co. (Ninth Cir., 1981), 660 F.2d 1327.

Under the findings of the Commission, Freese established a prima facie case that general labor was available for 127 days and that she was eligible and capable of doing that kind of work. Once a prima facie case was established, the burden then fell upon the employer to show that nondiscriminatory reasons existed to reduce her claim of back pay. Berry's argument here is that the back pay should have been calculated only on the basis of the availability of concrete pipe-laying work. However, the Commission found that she was called out not only for concrete laying work but for general labor as well. Berry also claims that, through Ms. Erhardt,

the employer could have produced testimony to show that there were 65 other laborers available through the union hall to fill the job required by Berry. However, this argument does not take into account the illegal terminations of Freese by Berry nor the fact that Ms. Erhardt was as available to Berry for such evidence as she was to Freese.

The District Court properly noted in this case that the standards for judicial review of a determination by an administrative agency are set forth in § 2-4-704, MCA; and that under Harris v. Bauer (1988), 45 St.Rep. 147, 151, 749 P.2d 1068, 1071 and Johnson v. Bozeman School District No. 7 (1987), 44 St.Rep. 531, 734 P.2d 209, findings of fact by an administrative agency are subject to the "clearly erroneous" standard of review and conclusions of law are subject to the "abuse of discretion" standard of review. On this appeal, we find no basis, applying the standard of review either for findings of fact or for conclusions of law, to reverse the amount of back pay found by the Human Rights Commission and affirmed by the District Court. We therefore affirm.

John C. Sheehy
Justice

We Concur:

John Conway Harrison

William E. Hunt

R. C. McDonough

Justices