707 F.2d 468
 32 Fair Empl.Prac.Cas. 139,
32 Empl. Prac. Dec. P 33,692
Robert E. CANINO, Plaintiff-Appellant,
v.
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
(E.E.O.C.), J. Clay Smith, in his official capacity as
Acting Chairman of E.E.O.C., Donald L. Hollowell, in his
official capacity as Regional Director, Atlanta Region, et
al., Defendants-Appellees.
 No. 81-6162.
 United States Court of Appeals,
Eleventh Circuit.
 June 16, 1983.
 
 Edna E. Canino, Miami, Fla., for plaintiff-appellant.
 Deborah Reik, E.E.O.C., Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before HILL and HATCHETT, Circuit Judges, and HAYNSWORTH*, Senior Circuit Judge.
 JAMES C. HILL, Circuit Judge:
 
 
 1
 Robert Canino brought this action against his employer, the Equal Employment Opportunity Commission, and several of its officers under Title VII of the 1964 Civil Rights Act and 42 U.S.C. Sec. 1981. He alleged that the defendants violated these statutes by failing to promote him because of his national origin, Hispanic-Puerto-Rican, and by retaliating against him after he had filed his initial charge of discrimination. After a four day trial, the district court entered judgment against the plaintiff. We affirm.
 
 
 2
 Canino began working for the E.E.O.C. on January 30, 1968. While at a GS-13 level in 1973, he applied and was selected for a temporary promotion to the position of Deputy District Director of the E.E.O.C. Houston District office at a GS-14 level. This position was competitively announced as a temporary position which would expire on September 30, 1974. All civil service promotions in the federal government involving a change in grade are recorded on a standard form 50. Canino was promoted to substitute for Lorenzo Cole, who had received an intergovernmental personnel act transfer. Canino's appointment began on December 23, 1973 and was extended to November 18, 1974 as a result of an extension of Cole's transfer to this date. Canino alleges that he remained in Houston as a consultant until December 23, 1974 at a GS-14 level. The standard form 50 contained in the plaintiff's personnel folder indicates that he returned to his permanent position as a GS-13 supervisory specialist effective November 19, 1974.
 
 
 3
 In late 1974, the Commission announced vacancies for the position of District Director at a GS-15 level in its Kansas City, Missouri, Jackson, Mississippi, and Detroit, Michigan offices. The minimum qualifications for a GS-15 vacancy require at least one year in grade at the GS-14 level and one year of specialized experience at the GS-14 level. Pursuant to the Agency's Merit Promotion Plan, if an applicant was currently at the GS-14 level and was within ninety days of meeting the time-in-grade and specialized experience requirements, he would meet the minimum qualifications for further consideration. This policy was referred to as the "90-day rule" and was based on the presumption that an applicant who was within ninety days of meeting the time-in-grade and specialized experience requirements would do so by the time the selection process was completed.
 
 
 4
 Pursuant to this rule, Canino's applications were forwarded to ranking panels which assigned a numerical ranking to the applicants for each vacancy. The panels compiled a Promotion Eligibility Listing for each vacancy and forwarded this listing to the recommending officials for selection. Each of these lists contained Canino's name. The list did not reflect the numerical scores assigned by the ranking panels to the applicants. The recommending and selected officials were free to choose any of the applicants on this list. Canino was neither recommended nor selected for any of the three vacancies. E.E.O.C. officials explained their reasons for selecting other candidates for each of the positions. Charles Clark, the recommending official for the Kansas City vacancy, explained that he was familiar with the successful applicant's work and thought that he was best qualified to deal with the problems in the Kansas City office. Donald Hollowell, the recommending official for the Jackson position, based his selection on the successful applicant's 20 years of investigatory and administrative experience, law degree, and work performance as the Jackson Deputy Director. The selecting official for the Detroit directorship chose an applicant who had the most managerial experience and extensive E.E.O.C. experience at the state level and in private industry.
 
 
 5
 Canino filed his charges of discrimination in August and September 1975. In the summer of 1975, Canino applied for three other GS-15 positions in Seattle, San Francisco, and New York. Canino was notified in September, 1975 that he was not eligible for these positions because he lacked one year's specialized experience at level GS-14.
 
 
 6
 In reviewing the district court's decision we cannot overturn the district court's findings of facts provided that they are supported by evidence and are not clearly erroneous. Fed.R.Civ.P. 52(a); see Williams v. Tallahassee Motors, Inc., 607 F.2d 689, 690 (5th Cir.1979), cert. denied, 449 U.S. 858, 101 S.Ct. 159, 66 L.Ed.2d 74 (1980). The complaint in a disparate treatment Title VII action must initially establish a prima facie case of discrimination by showing (1) that the plaintiff belongs to a protected group; (2) that he applied and was qualified for a job for which the employer was seeking applicants; (3) that, despite his qualifications, he was rejected; and (4) that, after his rejection, the position remained open and the employer continued to seek and/or select an applicant with similar qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Canino has failed to prove a prima facie case since he has not shown that he was qualified for any of the GS-15 positions.
 
 
 7
 Canino argues that since his application could be forwarded to the selection committees under the 90-day rule, he was qualified for the Kansas City, Jackson, and Detroit positions. The record does not support this argument. The Federal Personnel Manual (1973), which specified the requirements for federal agency merit promotion plans, stated in chapter 335 section 3-9(d):
 
 
 8
 An agency may permit an employee who has not yet satisfied the time-in-grade or time-after-competitive appointment requirements or the qualification requirements to be considered for promotion, provided the employee meets the requirements by the time the promotion is made. (emphasis added).
 
 
 9
 The record supports the district court's finding that Canino's temporary promotion, which began on December 23, 1973, terminated on November 19, 1974. Lacking one year's experience at GS-14, Canino was not eligible to be appointed to any of the vacancies in question[1] and cannot satisfy a prima facie case. See Whiting v. Jackson State University, 616 F.2d 116, 121 (5th Cir.1980); Rogers v. Equal Employment Opportunity Commission, 551 F.2d 456 (D.C.Cir.1977).
 
 
 10
 Assuming that Canino could satisfy his prima facie burden, the Commission has effectively rebutted plaintiff's case by presenting legitimate nondiscriminatory reasons for the employee's rejection. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). Section 3-7 of chapter 335 of the Federal Personnel Manual stated:
 
 
 11
 The selecting official is entitled to make his selection from any of the candidates on a promotion certificate, whether or not the candidates are presented in rank order, based on his judgment of how well the candidates will perform in the particular job being filled and, when relevant, what their potential is for future advancement.
 
 
 12
 In each instance, the district court found that the selecting official presented a legitimate reason for not hiring the plaintiff. We hold these findings are supported by the evidence and are not clearly erroneous.
 
 
 13
 Similarly, we find that the evidence supports the district court's finding that the rejection of Canino's application for the positions in New York, San Francisco, and Seattle did not result from retaliation for filing an employment discrimination grievance. Section 704(a) of Title VII prohibits any form of discrimination against an employee as a result of the employee's opposition to any form of employment discrimination. 42 U.S.C. Sec. 2000e-3(a) (1976). To establish a prima facie case of retaliation, Canino must show (1) that he has engaged in statutorily protected activity; (2) that the employer has taken an adverse employment action; and (3) a causal connection exists between the two. Womack v. Munson, 619 F.2d 1292, 1296 (8th Cir.1980), cert. denied, 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981). Canino failed to establish a causal connection between his earlier complaints of discrimination and the subsequent notices from the agency that he was ineligible to compete for failure to meet the statutory and regulatory time-in-grade requirements. The district court found that the unrebutted evidence showed that Canino had not qualified for promotion to these GS-15 positions and therefore could not establish a prima facie case of discrimination.
 
 
 14
 The district court properly dismissed Canino's Sec. 1981 claims on the basis that a federal employee's exclusive judicial remedy for alleged employment discrimination lies with Sec. 717 of Title VII. See Brown v. General Services Administration, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); Newbold v. United States Postal Service, 614 F.2d 46, 47 (5th Cir.), cert. denied, 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980) (Title VII provides the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination"). Canino argues that Sec. 717 cannot be his exclusive remedy because by not specifically prohibiting retaliation, this section would bar federal workers from asserting such claims. This argument lacks merit. In Porter v. Adams, 639 F.2d 273, 278 (5th Cir.1981), the court held that Sec. 717 is the exclusive remedy for charges brought against federal employers including reprisals. The court concluded that "by drafting Sec. 717 to prohibit 'any discrimination' Congress intended to bar the federal government from engaging in all those forms of discrimination identified in Secs. 703 and 704, and others as well." Id. at 278.
 
 
 15
 Canino has also challenged the district court's dismissal of his claims against all defendants other than the head of the agency. We conclude that the district court correctly dismissed the defendants since the head of the agency involved is the only appropriate defendant in a Title VII action under section 717. Newbold v. United States Postal Service, 614 F.2d at 47; Davis v. Califano, 613 F.2d 957, 958 n. 1 (D.C.Cir.1979).
 
 The judgment of the district court is
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable Clement F. Haynsworth, Jr., U.S. Circuit Judge for the Fourth Circuit, sitting by designation
 
 
 [1]
 When Canino sought promotion to a GS-15 position, the relevant statutes and regulations clearly required one year service at GS-14 in order to be eligible for promotion
 The Whitten Amendment, Section 1310(c) of Act, Nov. 1, 1951, 65 Stat. 757 cited at 5 U.S.C. Sec. 3101 (note), provided:
 No person in any executive department or agency ... shall be promoted or transferred to a higher grade ... without having served at least one year in the next lower grade....
 Subchapter 6-2 of Ch. 300 of the Federal Personnel Manual (1973) provided:
 a. Advancement to positions at GS-6 or above.
 (C) Candidates for advancement to a position at GS-12 or above must have completed at least one year of service in positions no more than one grade lower than the position to be filled.
 
 
 [5]
 C.F.R. 300.602(a) (1974) provided:
 Advancement to positions at GS-12 or above. An agency may advance an employee to a position at GS-12 or above only after he has served 1 year at the next lower grade.