**Miriam GRIER, Plaintiff,**

v.

**HEADQUARTERS, UNITED STATES ARMY FORCES COMMAND, FT. McPHERSON, GEORGIA; Adjutant General, Administrative Services, U.S. Army Forces Command; Officer in Charge, Mail & Distribution Classified Section, U.S. Army Forces Command; and Chief, Civilian Personnel, U.S. Army Forces, Defendants.**

**Civ. A. No. C83–434A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 18, 1983.

J.T. Hollin, Atlanta, Ga., for plaintiff.

Myles Eastwood, Asst. U.S. Atty., Atlanta, Ga., for defendants.

ORDER

ROBERT H. HALL, District Judge.

Before the court in this action is the defendants' motion to dismiss all claims other than the Title VII claim, to dismiss all of the named defendants and to substitute the Secretary of the Army, and to strike the jury demand and the claim for compensatory and punitive damages.

Although the complaint is not altogether clear, it appears to the court that plaintiff has attempted to allege two causes of action: one for racial discrimination

in federal employment and one for the denial of due process in federal employment. (*See* Complaint, paragraphs IV–F and V–A.) Because Section 717 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, is the "exclusive, pre-emptive administrative and judicial remedy for the redress of federal employment discrimination," *Brown v. General Services Administration*, 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976), the court agrees with defendants that those claims relating to racial discrimination other than the Title VII claim must be dismissed, *Canino v. United States Equal Employment Opportunity Commission*, 707 F.2d 468, 472 (11th Cir.1983), and that the Secretary of the Army, the head of the allegedly discriminatory agency, must be substituted for the named defendants with respect to the Title VII claim. *Starke v. Marsh*, No. C83–693A (N.D.Ga. June 23, 1983) (Moye, J.); *Canino, supra.* Defendants' motion is GRANTED to this extent.

 However, the court does not agree with defendants that plaintiff's due process claim must be stricken because of the pre-emptive effect of Title VII. Section 717 of Title VII explicitly relates to "personnel actions ... based on race, color, religion, sex, or national origin" [1] and is not a remedy for the denial of due process *not based on race* (or any of the other proscribed classes). *Cf. Gissen v. Tackman*, 537 F.2d 784 (3d Cir.1976) (Fifth Amendment claim based on alleged racial discrimination pre-empted by Section 717 of Title VII). Without knowing the basis of plaintiff's due process claim,[2] the court cannot say that it is race-related and, therefore, cannot conclude that it is pre-empted by Title VII. For this reason, the court DENIES defendants' motion to the extent it seeks a dismissal of plaintiff's due process claim.

With the due process claim remaining, the court finds no reason to dismiss the named defendants or to strike the jury demand and the claim for compensatory and punitive damages.

## CONCLUSION

The court DENIES defendants' motion to strike all claims except the Title VII claim, to dismiss the named defendants, and to strike the jury demand and claim for compensatory and punitive damages. The court orders plaintiff to file an amended complaint adding the Secretary of the Army as an additional defendant by November 30, 1983, or the court will dismiss the Title VII claim for failure to name the proper defendant.

---

1. 42 U.S.C. § 2000e–16(a) provides in pertinent part as follows:
   All personnel actions affecting [federal employees] ... shall be made free from any discrimination based on race, color, religion, sex, or national origin.

2. Plaintiff alleges a general denial of her due process rights without stating the exact way in which her rights were violated.