[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13119
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-22008-UU

KENNETH D. HUMPHREY,
Former Customs and Border Protection Officer,

Plaintiff-Appellant,

versus

SECRETARY, U.S. DEPARTMENT OF
HOMELAND SECURITY,
US Customs and Border Protection,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 30, 2014)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Kenneth D. Humphrey, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his employment discrimination suit for frivolity and failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Humphrey contends his complaint adequately alleged that he had engaged in protected civil rights activity.  Specifically, he asserts the United States Department of Homeland Security (DHS) took adverse employment action against him motivated by discriminatory retaliation.  He further argues that, under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, his complaint alleged disparate treatment in DHS's failure to promote him.  After review,[1] we vacate and remand.

To withstand dismissal, a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court "shall dismiss" a case filed *in forma pauperis* if the court determines that the complaint "is frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  "A claim is frivolous if it is

---

[1] We review *de novo* the district court's *sua sponte* dismissal for failure to state a claim under § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true.  *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  We review for an abuse of discretion the district court's *sua sponte* dismissal for frivolity under § 1915(e)(2)(B)(i).  *Id.* at 1160.

without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). However, "[p]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).[2]

The district court erred in dismissing Humphrey's *pro se* complaint for failure to state a claim. The district court analyzed Humphrey's claims in Counts 1 and 2 under 42 U.S.C. § 1983, even though a plaintiff may not bring a § 1983 claim against a federal actor acting under the color of federal law. *See Dist. of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973) (explaining §1983 does not apply to federal actors acting under color of federal law). While Humphrey cited § 1983 as a source of jurisdiction, he did not expressly state he was bringing Counts 1 and 2 under § 1983. Construing Humphrey's *pro se* complaint liberally, the district court should have analyzed his claims under Title VII. *Tannenbaum*,

---

[2] In *Wagner*, we overruled *Bank* with respect to counseled plaintiffs who failed to request leave to amend, but noted that our decision did not disturb *Bank*'s holding with respect to *pro se* litigants. *Wagner*, 314 F.3d at 542 & n.1.

148 F.3d at 1263.  In his complaint, Humphrey requested declaratory relief under Title VII.  Even if he may not have expressly named them as such in his complaint, he attempted in substance to set forth Title VII claims of retaliation and disparate treatment.

Specifically, as to retaliation, he alleged he filed a charge with the EEOC, and that, as a result, DHS retaliated against him by demoting him "to the lowest status, and worst work settings."  *See Dixon v. The Hallmark Cos., Inc.*, 627 F.3d 849, 856 (11th Cir. 2010) (stating a *prima facie* case of Title VII retaliation requires the plaintiff to show that (1) he engaged in protected activity, (2) he suffered a materially adverse action, and (3) a causal connection existed between the activity and the adverse action).

As to disparate treatment, Humphrey alleged that, because he was "[b]lack, [b]rown and [o]lder," he was "subjected to receiving 10 times the punishments and 1/10 of the rewards given" to other employees.  He alleged he had suffered an adverse employment action in the form of "a humiliating demotion, an extreme cut in earnings and a transfer in position to continued unendurable working assignments," as well as the denial of "bidding requests" and vacation leave.  Moreover, he asserted his "Supervisory Test scores show[ed] very high qualifications for promotions," but that management gave promotions and special placements "repeatedly to under 40 and non-black or brown personnel with less

4

ratings." Thus, liberally construing his complaint, he appears to have alleged a *prima facie* case of disparate treatment under Title VII. *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003) (stating a *prima facie* case of Title VII discrimination requires a plaintiff to show that "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class").

As to Humphrey's 42 U.S.C. § 1985 claim in Count 3, the district court did not err in concluding that he had failed to allege how DHS "conspired to deprive him of the equal protection of the laws or due course of justice." *See Childree v. UAP/CHEM, Inc.*, 92 F.3d 1140, 1146-47 (11th Cir. 1996) (stating the elements of a cause of action under § 1985(3) are: "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States"). However, Humphrey's allegations regarding his treatment by DHS should have afforded him an opportunity to amend his complaint instead of a *sua sponte* dismissal. *See Bank*, 928 F.2d at 1112.

5

The district court also abused its discretion in alternatively dismissing Humphrey's complaint as frivolous.  The district court concluded Humphrey's claims lacked "any basis in law and fact as it relates to" Jeh Johnson, the current DHS secretary, and Janet Napolitano, the former DHS secretary.  In this analysis, however, the district court failed to liberally construe Humphrey's *pro se* complaint.  *See Tannenbaum*, 148 F.3d at 1263.  If the district court had construed Humphrey's complaint as bringing claims under Title VII, the Secretary of DHS, in his or her official capacity, would have been the proper defendant for a suit against DHS, Humphrey's former employer.  *Canino v. U.S. E.E.O.C.*, 707 F.2d 468, 472 (11th Cir. 1983) (stating when suit is brought under Title VII against a federal agency, "the head of the agency involved is the only appropriate defendant").  If the district court found that Humphrey's complaint was unclear as to whether he was suing Johnson and Napolitano in their individual or official capacities, the court should have allowed Humphrey to amend his *pro se* complaint.  *See Bank*, 928 F.2d at 1112.  Thus, construing Humphrey's complaint liberally, it was not without arguable merit in law or fact, and should not have been dismissed as frivolous.  *See Bilal*, 251 F.3d at 1349.

**VACATED AND REMANDED.**

6